Woodie Herman **STAFFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44891.

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

Bill Wilder, by Bill Pederson, Jr., Henderson, for appellant.

Henry Wade, Dist. Atty., and John R. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at life.

The sufficiency of the evidence to show malice is challenged. It is further contended that the appellant was improperly

impeached by a prior statement, that improper argument was made, and that the court erroneously excluded the testimony of a witness after the rule had been violated.

The record reflects that Woodie Herman Stafford, the appellant, and Willie Jessie Blacklock, the deceased, were brothers-in-law. During the afternoon in question Stafford drove by Blacklock's house several times. He stopped, got out of his car, came to the door and asked for Blacklock who then drove up in his car. Stafford walked up to Blacklock's car, pulled out a pistol and shot Blacklock in the heart and killed him.

The appellant testified that he killed Blacklock, but that he did so because he was afraid of him.

The evidence reflects that Blacklock was still seated in the car when he was shot and that he was not armed.

The appellant first submits that the evidence was insufficient to show malice and the court erred in submitting an instruction to the jury on murder with malice.

■ Malice can be inferred from the use of a deadly weapon and the intended shooting of one with a pistol at close range. Grant v. State, Tex.Cr.App., 449 S.W.2d 480. See 4 Branch's Ann.P.C.2d, Section 2189, page 534; 29 Tex.Jur.2d 300, 302, Section 189, Notes 13–14.

■ We hold the evidence sufficient to authorize the instruction on murder with malice.

■ Complaint is made because the State asked the appellant on cross-examination if he had not stated at a previous trial that the glove compartment in the car of the deceased was open after he had testified on direct examination that he did not know whether the glove compartment was open or closed.

Appellant's counsel objected that this was impeachment on an immaterial matter and was, therefore, improper.

An officer who had arrived at the scene some ten minutes after the homicide testified that it was difficult to open the glove compartment after he unlocked it. There was some evidence that a screwdriver or other instrument had to be used to open it. The appellant relied upon self-defense. The question of whether the appellant saw the glove compartment open, as he testified before, was material on the issue of self-defense. Prior inconsistent statements may be used for impeachment purposes. See 62 Tex.Jur.2d, Witnesses, Section 36. No error is shown.

■ It is contended that reversible error was committed when the prosecuting attorney referred to the killing as an assassination, because such argument could only bring to mind the tragic death of the late President Kennedy.

This case was tried some six years after the death of President Kennedy. His name was not mentioned in the argument. In Davis v. State, Tex.Cr.App., 440 S.W.2d 291, the prosecutor argued that "[w]e have nothing here except an ambush like we had in Dallas in the assassination of President Kennedy." The court instructed the jury not to consider such argument. We held no reversible error was shown.

In Black's Law Dictionary, Third Edition, assassination is defined:

"Murder committed for hire, without provocation or cause of resentment given to the murderer by the person upon whom the crime is committed. . . .

"A murder committed treacherously, or by stealth or surprise, or by lying in wait."

■ According to the above definition, the reference to the murder as an assassination was a reasonable deduction from the evidence. We hold that no error is shown.

■ The complaint that the court erred in refusing to permit appellant's brother to

testify that he had exchanged cars with the appellant some time earlier in the afternoon of the homicide is without merit. The brother remained in the courtroom in violation of the rule while another witness was testifying. His proffered testimony would have bolstered the witness he heard testify. No abuse of discretion has been shown.

No error is shown. The judgment is affirmed.