John Lee SCOTT, Appellant,

v.

The STATE of Texas, State.

No. 2–83–311–CR.

Court of Appeals of Texas,
Fort Worth.

April 11, 1984.

Crampton, Crampton & Estrada and Robert G. Estrada, Wichita Falls, for appellant.

Barry L. Macha, Asst. Dist. Atty., Wichita Falls, for the State.

Before ASHWORTH, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

This is an appeal from an order revoking probation and sentencing appellant to confinement in the Texas Department of Corrections for five years.

We affirm.

On April 20, 1983, the appellant pleaded guilty to the offense of sexual abuse of a child and was sentenced to five years in the Texas Department of Corrections and a $500.00 fine. The five year period was probated. On May 11, 1983, the State of Texas filed its motion to revoke probation alleging that he had violated the penal laws of the State of Texas by engaging in sexual abuse of a child. On July 29, 1983, the trial court, after a hearing, revoked appellant's probation. The sufficiency of the evidence is not challenged.

The appellant's sole ground of error on appeal is that former Texas Penal Code § 21.10 violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and article I, § 3a of the Texas Constitution because it limits the promiscuity defense to heterosexual conduct. The child involved here was of the same sex as the appellant.

When challenging the constitutionality of a statute, it is incumbent upon the defendant to show that in its operation the statute is unconstitutional as to him and his situation. It is not sufficient merely to show that the statute might be unconstitutional as to others. *Parent v. State*, 621 S.W.2d 796 (Tex.Cr.App.1981); *Boutwell v. State*, 653 S.W.2d 100, 102 (Tex.App.—Austin 1983, pet. granted).

The word "promiscuously" is not defined in the statute. It is defined in *Webster's Third New International Dictionary* as "in a promiscuous manner." "Promiscuous" is defined as "not restricted to one sexual partner." It has been held that promiscuity connotes a variety of consensual sexual conduct with a variety of partners continuing over a reasonable period of time. *Boutwell, supra* at 104. The only testimony in the case at bar came from the appellant, who testified that the child had told him that he had previously "played around" with a boy friend. The child, therefore, was not shown to have engaged promiscuously in sexual intercourse or deviate sexual intercourse prior to the time of appellant's act.

Since the evidence was insufficient to support a promiscuity defense even if the appellant had been involved in heterosexual conduct, he is without standing to challenge the statute's constitutionality on a sexual preference basis. *Parent, supra; Boutwell, supra* at 103.

The judgment is affirmed.