Larry Leon WICKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–01201–CR.

Court of Appeals of Texas, Dallas.

Aug. 27, 1985.

Rehearing Denied Oct. 4, 1985.

J. Thomas Sullivan, Director, SMU Appellate Clinic, SMU School of Law, Iva K. Henley and Jane Anne Schmoker, Student Counsel, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, GUILLOT and DEVANY, JJ.

GUILLOT, Justice.

Appellant, Larry Leon Wicker, appeals a conviction for sexual assault. Punishment was assessed at fifteen years in the Texas Department of Corrections. Wicker asserts eight grounds of error. We overrule all grounds and affirm.

On March 9, 1984, appellant had intercourse with his fourteen year old daughter, the complainant, Linda Christine Partin. Appellant told her not to tell her stepmother. Later that night, Linda did tell her stepmother. The March 9, 1984, incident was not the first time that the appellant had engaged his daughter in sexual activity. This had been occurring since Linda was ten years old.

Approximately one month after the date alleged in the indictment, Paul Thathiah, a caseworker with the Texas Department of Human Resources (TDHR), interviewed the complainant and immediately took her into protective custody. After taking custody of the complainant, Mr. Thathiah informed her stepmother, Angela Wicker, of the allegations against appellant. Mrs. Wicker testified that Mr. Thathiah told her that if appellant would "come in and tell his story," he would see to it that appellant got treatment and probation; otherwise, appellant would be in "serious trouble." Shortly thereafter, appellant went to Mr. Thathiah's office, at Thathiah's request, and confessed to having intercourse with complainant. Mr. Thathiah forwarded this statement to the District Attorney's office. Appellant was indicted on the charge of sexual assault.

In his first two grounds of error, appellant contends that the evidence did not prove his guilt beyond a reasonable doubt because he proved the affirmative defense of promiscuity. Appellant asserts he established the absolute defense of promiscuity to the statutory rape charge by showing the following: (1) that the complainant was at least fourteen years old at the time of trial; (2) that complainant was a promiscuous female; (3) that complainant was legally capable of consenting to sexual intercourse; and (4) that complainant did, in fact, consent to engage in sexual intercourse with appellant.

During the trial, Linda admitted that she had sexual intercourse with one man, one time, while she was living with her mother in North Carolina. The man with whom she had intercourse is now on probation for rape of a child. Upon being recalled to testify, Linda was asked if she had had sexual intercourse with anyone after the March 9, 1984, incident. Linda admitted that she had told her grandmother, Maxine Monk, that she had had sex with a person in July, 1984.

In order to establish promiscuity as a defense, a defendant must prove that the complainant "engaged promiscuously in sexual intercourse." TEX.PENAL CODE ANN. § 22.011(d)(1) (Vernon Supp.1985). Promiscuity as a defense in child rape cases was defined as a continuing course of conduct in *Scott v. State*, 668 S.W.2d 901, 902 (Tex.App.—Fort Worth 1984, pet. ref'd). The court went on to state, "[I]t has been held that promiscuity connotes a variety of consensual sexual conduct with a variety of

partners continuing over a reasonable period of time." *Scott,* 668 S.W.2d at 902.

■ The only evidence supporting the defense of promiscuity in the instant case is the testimony that complainant twice engaged in sexual intercourse with men other than the appellant. Although the appellant argues that the complainant was so promiscuous that she would indiscriminately engage in sexual intercourse, the evidence establishes that the complainant had only engaged in sexual intercourse with one person, other than the defendant, on one occasion prior to the instant offense. One act does not fall within the ambit of a "continuing course of conduct." *See Scott,* 668 S.W.2d at 902. Consequently, appellant failed to establish the defense of promiscuity.

■ The law under which appellant was charged, reads as follows: "A person commits an offense if the person intentionally or knowingly causes the penetration of the anus or vagina of a child by any means." TEX.PENAL CODE ANN. § 22.-011(a)(2)(A) (Vernon Supp.1985). " 'Child' means a person younger than 17 years of age who is not the spouse of the actor." TEX.PENAL CODE ANN. § 22.011(c)(1) (Vernon Supp.1985). Viewing the evidence in a light most favorable to the verdict, *See Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984), we hold the State proved the elements of the crime charged. The complainant testified that appellant inserted his penis into her vagina and that she was fourteen years old at the time of the offense. Furthermore, since appellant is the complainant's father, she could not have been married to him. Appellant's first and second grounds of error are overruled.

In the third ground of error, appellant contends that the admission of his voluntary statement into evidence was error in that it violated TEX.CODE CRIM.PROC. ANN. art. 38.22, § 6 (Vernon Supp.1985). Specifically, appellant argues that article 38.22 requires the court to make an independent finding in the absence of the jury as to whether his statement was made under voluntary conditions.

■ At trial, the appellant objected to the admission of his voluntary statement on two grounds: (1) that the statement was unduly prejudicial due to irrelevancies contained therein; and (2) that the statement violated the best evidence rule. Neither objection addressed the voluntariness of appellant's statement. Because the specific ground of error on appeal varies from the specific objection raised at trial, no ground of error has been preserved. *Euziere v. State,* 648 S.W.2d 700 (Tex.Crim. App.1983). Appellant's third ground of error is overruled.

In the fourth and fifth grounds of error, appellant urges that the admission of his voluntary statement was error in that it violated the fifth and sixth amendments to the United States Constitution. U.S. CONST. amends. IV, VI. Specifically, appellant argues that his statement was obtained in violation of the Supreme Court's holding in *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966):

> Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.

The Court went on to state, "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody ..." *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612.

In order to determine whether a person is in custody, the courts have developed a test which employs four factors: (1) probable cause to arrest; (2) the subjective intent of police to hold a suspect; (3) subjective belief of a person as to the status of his or her freedom; and (4) whether or not the focus of the investigation has centered on the person questioned. *Rathmell v. State,*

653 S.W.2d 498, 501 (Tex.App.—Corpus Christi 1983, pet. ref'd); *Newberry v. State,* 552 S.W.2d 457, 461 (Tex.Crim.App. 1977).

■ Although Mr. Thathiah may have had probable cause to arrest the appellant, he had no official arrest powers. Mr. Thathiah was not a peace officer and did not threaten or promise the appellant anything to get the statement. Furthermore, the appellant was free to leave at any time and, in fact, did leave Mr. Thathiah's office at the conclusion of the interview. Finally, the focus of the investigation had not centered on the appellant; there was no ongoing police investigation. The police had not previously been advised of the crime. For the foregoing reasons, we conclude that the appellant in the instant case was not in custody or otherwise deprived of his freedom of action in any significant way at the time he gave a statement to Mr. Thathiah. There was no need for Mr. Thathiah to advise appellant of his *Miranda* rights. Appellant's fourth and fifth grounds of error are overruled.

In his sixth ground of error, appellant contends the trial court erred in excluding the hearsay testimony of Angela Wicker. During direct examination, appellant's attorney questioned Angela Wicker, appellant's wife and complainant's stepmother, regarding her knowledge of any instances in which the complainant had engaged in sexual intercourse with someone other than appellant. In response to the State's hearsay objection, the court limited the question to instances Mrs. Wicker had "personally observed." Next, appellant's attorney asked Mrs. Wicker whether she knew of any instances in which the complainant had fraternized with men near their home. She replied that she did, but did not elaborate because of the court's previous hearsay instructions. Later, appellant's attorney questioned Mrs. Wicker regarding her personal knowledge of other instances in Dallas County in which complainant had engaged in sexual intercourse with someone other than appellant. Mrs. Wicker replied, "Yes," but stated that she had not seen the

incident. The court excluded further testimony by Mrs. Wicker concerning complainant's reputation. Appellant contends that Mrs. Wicker's testimony should have been admitted to establish the complete pattern of complainant's promiscuity. We disagree.

■ We hold the appellant waived the issue regarding the excluded testimony of Angela Wicker by his failure to make a bill of exceptions or offer proof at trial. TEX. CODE CRIM.PROC.ANN. art. 40.09, § 6(d)(1); *Massengale v. State,* 642 S.W.2d 834, 836 (Tex.App.—Fort Worth 1982, pet. granted); *Chambers v. State,* 568 S.W.2d 313, 327 (Tex.Crim.App.1978). Consequently, appellant's fifth ground of error is overruled.

In his seventh ground of error, appellant contends that the trial court erred in excluding Maxine Monk's testimony regarding complainant's character. Maxine Monk, complainant's grandmother, was a member of appellant's household during February and March 1985 She resided with Angela Wicker until the date of trial in October 1984. Upon being questioned regarding her personal knowledge of complainant's sexual activity, Mrs. Monk responded, "Well, just what she told me." The State objected to Mrs. Monk's testimony as hearsay; the court sustained the objection.

■ Appellant argues that the trial court, by sustaining the State's objection, denied him an opportunity to present an effective defense. Appellant asserts that evidence of complainant's prior admission or disclosure regarding her sexual activity was admissible under TEX.PENAL CODE ANN. § 22.065 (Vernon Supp.1985). The appellant, however, waived the issue regarding the excluded testimony of Maxine Monk by his failure to make a bill of exceptions or offer of proof at trial. TEX.CODE CRIM.PROC.ANN. art. 40.09, § 6(d)(1); *Massengale,* 642 S.W.2d at 836; *Chambers,* 568 S.W.2d at 313. Consequently, appellant's seventh ground of error is overruled.

In his final ground of error, appellant contends that the trial court erred in failing

to enter an order under TEX.CODE CRIM. PROC.ANN. art. 38.22, § 6 (Vernon 1979) stating its conclusions as to the voluntariness of appellant's statement. Article 38.-22, § 6, provides: "In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." Appellant recognizes that the statute refers to a jury trial; however, appellant believes there is no reason to apply a different rule in a trial before the court. We disagree.

Under article 38.22, § 6, the trial court must hold a hearing *outside the presence of the jury* when the voluntariness of a defendant's statement is in question. We hold there was no need for such a hearing because the appellant was tried before the court and a question as to the voluntariness of appellant's statement was not raised. Since no hearing was necessary, no findings of fact were necessary. Furthermore, there was no evidence that appellant's statement was anything other than voluntary; Article 38.22 is inapplicable. Appellant's eighth ground of error is overruled.

The judgment of the trial court is affirmed.