Jose Angel JASSO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00200–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 23, 1985.

Rehearing Denied Nov. 20, 1985.

William D. Arnold, San Antonio, for appellant.

Carlos H. Barrera, Dist. Atty.'s Office, Laredo, for appellee.

Before CADENA, C.J., CANTU, and TIJERINA, JJ.

CANTU, Justice.

The offense is rape of a child. TEX.PENAL CODE ANN. § 21.09.[1] Appellant was indicted for an offense alleged to have been committed on November 1, 1982. Trial commenced on November 4, 1983. Following a guilty verdict, the jury assessed punishment at confinement for a term of 12 years and in addition a fine of $5,000.00.

Appellant has assigned seven grounds of error. At least one of these contentions requires a recitation of the facts.

On November 18, 1982, City of Laredo police officer Adan Bustamante, while on patrol, was stopped by a woman seeking assistance. The officer was led to a residence wherein he encountered the appellant, the young prosecutrix aged 14, and several women arguing.

The prosecutrix was in hysterics and unable to talk. A female police officer was called to assist and after some effort the prosecutrix was transported to a Laredo hospital for examination as a possible rape subject.

A local pediatrician examined the girl and administered a rape test from a test kit provided for such occasions by the local police. The physical examination and the test results indicated that the young girl had recently engaged in sexual intercourse.

The prosecutrix testified that on the day in question she met appellant at the Mall de Norte, a shopping center in Laredo. Appellant was standing outside his motor home which was parked in the mall parking lot.

The prosecutrix had planned to do some shopping at the mall when the appellant called her over to his motor home. The child knew appellant as the minister of a pentecostal church to which she and her family belonged.

Appellant had visited in the child's home and was well acquainted with her and her family.

---

1. Repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, § 12, eff. Sept. 1, 1983. *See* now TEX.PENAL CODE §§ 22.011 [Sexual Assault] and 22.021 [Aggravated Sexual Assault]. Under the repealed statute in effect at the time of appellant's trial, a person committed rape of a child if he had sexual intercourse with a female not his wife if she was younger than 17 years of age.

Instead of entering the mall as intended the child was persuaded to enter the motor home with appellant.

When prosecutrix entered the motor home and went to the back of the vehicle, appellant drove away from the parking lot to an unknown location. When he stopped the vehicle appellant went to the back of the motor home to a bedroom area where the prosecutrix was. There he professed his love for the child, undressed her, fondled her and finally sexually penetrated her twice before returning to the mall where he dropped her off.

The prosecutrix testified to an earlier similar incident in which appellant sexually penetrated her in the motor home. Appellant testifying in his own behalf denied having ever had intercourse with the prosecutrix. However, he admitted giving the child a ride in his motor home to the mall on the day in question.

■ Appellant's first ground of error, a novel though unpersuasive notion, is that the trial court should have disregarded the jury verdict of guilty and should have entered a not guilty verdict because the State's own evidence, allegedly, made appellant's innocence evident.

The argument seems to be that because prosecutrix testified to having engaged in sexual intercourse with appellant on a previous occasion such admitted conduct conclusively established the prosecutrix's prior unchaste character.[2]

Appellant directs us to subsection (b) of section 21.09 which provided:

(b) It is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in sexual intercourse.

Appellant's argument recognizes that such evidence raises an issue of fact for the jury but insists that an acquittal is mandated.

Assuming that the State's evidence raised the defensive issue of promiscuity, such was never claimed by appellant at trial, thus, the jury was never instructed on it. The only defensive issue sought by appellant and given in the court's charge was that of alibi.

We are, nevertheless, convinced that the promiscuity defense never came into existence through the evidence presented.

"Promiscuity" connotes a variety of consensual sexual conduct with a variety of partners, and clearly excludes a single prior act of sexual intercourse. *See* Practice Commentary to § 21.09 by Seth S. Searcy, III and James R. Patterson.

The only prior sexual conduct raised by the evidence was a single previously undetected or undisclosed instance of sexual intercourse by appellant. We think that promiscuity can hardly be established by repeated acts of the same offender much less a single other instance so as to create a defense which excuses proscribed conduct. We reject appellant's argument that promiscuity was raised much less established as a matter of law.

Reliance is placed by appellant on the cases of *Edworthy v. State*, 371 S.W.2d 563 (Tex.Crim.App.1963) and *Cloninger v. State*, 91 Tex.Cr.R. 143, 237 S.W. 288 (1921). We do not find either case controlling. Both involved statutory rape offenses under predecessor statutes which provided that a defense to the crime existed if it was shown in consent cases that the minor woman was not of previous chaste character.

As pointed out heretofore, the legislature in 1974, when it enacted § 21.09 eliminated the defense of prior unchaste character and replaced it with one requiring a showing of promiscuous sexual intercourse. Ground of error number one is overruled.

■ Appellant next contends that the State failed to prove that the offense was committed in Webb County.

---

**2.** We are convinced appellant means promiscuity rather than merely unchaste character.

Venue in a criminal case is not an element of the offense charged and need not be established by evidence beyond a reasonable doubt. *Black v. State,* 645 S.W.2d 789 (Tex.Crim.App.1983).

Venue may be proved by a preponderance of the evidence, whether it be direct or circumstantial. *Cavazos v. State,* 668 S.W.2d 435 (Tex.App.—Austin 1984, pet. ref'd).

Although the prosecutrix was unable to tell where the act of intercourse occurred, she was able to state that she was driven by appellant from the mall to the place of the act in less than half an hour.

Another witness, a police officer, testified that it would take at least an hour to drive from the mall to the county line, in any direction, at normal speeds.

The prosecutrix eliminated the possibility that the act had taken place across the border in Mexico.

Appellant's testimony does not suggest that he ever drove outside the boundaries of Webb County. Rather he insists he gave the prosecutrix a ride within the confines of the City of Laredo, but denies the occurrence of the sexual episode.

We believe the evidence sufficiently established that venue was in Webb County. *Cf. Black v. State, supra.* Appellant's second ground of error is overruled.

■ Appellant next alleges that the trial court abused its discretion and committed reversible error when it refused one of appellant's witness the right to testify.

After the State rested its case and the defense made its opening statement to the jury, appellant sought to call as a witness his brother, Isaias Jasso.

Isaias Jasso was not among the defense witnesses placed under the rule at the commencement of the trial. During the trial Isaias sat in the courtroom and listened to the testimony of the witnesses.

Appellant sought to offer his brother's testimony in an effort to corroborate his alibi defense.

His proposed testimony is not included in the record and we are left to surmise its actual purpose and content.

The admissibility of testimony of witnesses who have not been placed under the rule is a matter addressed to the discretion of the trial court, and unless an abuse is evident, it will be presumed on appeal that such discretion was properly exercised. *Mitchell v. State,* 608 S.W.2d 226 (Tex. Crim.App.1980); *Marshburn v. State,* 491 S.W.2d 663 (Tex.Crim.App.1973); *Miller v. State,* 455 S.W.2d 253 (Tex.Crim.App.1970); TEX.CODE CRIM.PROC.ANN. art. 36.04.

The record reflects no such abuse of discretion. Appellant's ground of error three is overruled. *Cf. Stafford v. State,* 481 S.W.2d 831 (Tex.Crim.App.1972).

■ In his next ground of error appellant complains of the trial court's permitting the State to call appellant's wife as a witness. His real argument seems to be that his wife was permitted to be sworn before the jury as a potential witness, and then excluded from the courtroom under the witness rule.

At the commencement of the trial, seven potential witnesses were called by the State to be sworn. The witnesses, including appellant's wife, were sworn and placed under the rule.

Appellant's wife was among three witnesses who were never called to testify. No objection was ever lodged before the court as to this procedure.

Although the action by the State is not to be commended we fail to perceive harm to appellant. *Cf. Clayton v. State,* 465 S.W.2d 769 (Tex.Crim.App.1971). In fact he claims none on appeal and his failure to object at trial is some indication that he was not opposed to having his wife excluded from the courtroom during development of embarrassing testimony. We find no reversible error. Ground of error number four is overruled.

■ Ground of error number five complains of the admission into evidence of State's exhibit number four. State's exhib-

it four is an offense report prepared by investigating police officer Blasa Bluhm.

The report was first mentioned at trial by counsel for appellant during the cross examination of officer Bluhm. It was subsequently used by counsel for appellant during the cross examination in an attempt to discredit the officer's direct testimony.

When the prosecutor offered the report into evidence counsel for appellant voiced the objection that the proper predicate had not been laid. Further objection was directed at the hearsay content of the instrument. On appeal complaint is limited to the alleged failure to comply with the predicate requirements under TEX.REV.CIV. STAT.ANN. art. 3737e, the Business Records Act. The State admits that it did not meet the predicate requirements under article 3737e, however, it argues that the exhibit was only offered pursuant to TEX. CODE CRIM.PROC.ANN. art. 38.24 after appellant made an issue of part of the contents.

TEX.CODE CRIM.PROC.ANN. art. 38.-24 provides in part:

When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. . . .

Because defense counsel made an issue before the jury of the contents of officer Bluhm's report admission of the report into evidence in its entirety was not improper. *Wintters v. State*, 616 S.W.2d 197 (Tex. Crim.App.1981); *Bermudez v. State*, 504 S.W.2d 868 (Tex.Crim.App.1974); *Mabou v. State*, 429 S.W.2d 891 (Tex.Crim.App.1968); *Ballestero v. State*, 640 S.W.2d 423 (Tex. App.—San Antonio 1982, no pet.). Appellant's ground of error is overruled.

■■■ Appellant's next contention is that the trial court erred in its charge to the jury at the guilt-innocence stage. However, some of the argument in support of this contention also addresses the admis-

sion into evidence of an extraneous offense rather than alleged error in the court's charge to the jury. We address the jury charge complaint inasmuch as the extraneous offense was clearly admissible. *McDonald v. State*, 513 S.W.2d 44 (Tex.Crim. App.1974).

The record reflects that counsel for appellant objected to a limiting instruction given by the trial court relative to an extraneous offense raised by the proof indicating a prior act of sexual intercourse. A limiting instruction is necessary to prevent the jury's use and appropriation to the prejudice of the accused, of evidence which is not admissible directly, to prove the main case. *Cox v. State*, 166 Tex.Cr.R. 587, 316 S.W.2d 891 (1958).

The failure of the trial court, upon timely request, to give a limiting instruction not to consider the extraneous act of intercourse except for the purpose for which it was admitted, i.e., for the purpose of aiding the jury in determining whether the particular act relied upon by the State was committed, would have been reversible error. *Hitchcock v. State*, 612 S.W.2d 930 (Tex. Crim.App.1981); *Bates v. State*, 165 Tex. Cr.R. 140, 305 S.W.2d 366 (1957).

The limiting instruction in the court's charge correctly instructed the jury that the extraneous act of intercourse could only be considered for the purpose of aiding the jury in passing upon the question of whether the act alleged in the indictment actually occurred. *See Sparks v. State*, 366 S.W.2d 591 (Tex.Crim.App.1963).

Appellant has cited no case and we have found none that holds that the giving of an instruction favorable to the accused, such as a limiting instruction on the use of extraneous offenses constitutes reversible error. We believe there can be none because a benefit to the accused cannot be the basis for complaint. Appellant's sixth ground of error is overruled.

■■■ In his final ground of error appellant claims that the trial court erred in

denying his motion to depose the prosecutrix.

Appellant sought, by motion filed barely four days prior to trial date, to take the deposition of the prosecutrix. The reason stated in the motion was that no opportunity existed for obtaining an examining trial in an effort to discover the nature of prosecutrix' testimony prior to trial.

There is no indication in the record that the motion was timely urged before the court. In fact the record discloses that the motion was overruled after the selection and impaneling of the jury. Such request for relief comes too late.

Additionally, TEX.CODE CRIM.PROC. ANN. art. 39.02 requires that appellant file his affidavit stating facts necessary to constitute good cause for taking the desired deposition.

The trial court, after a hearing on the request, shall in the exercise of sound discretion and considering the evidence adduced at the hearing make its decision granting or denying the request.

We are not provided with a transcription of the evidence adduced at said hearing, if in fact such a hearing was held. We are thus relegated to the motion and affidavit filed by appellant.

We are not able to say that an abuse of discretion by the trial court has been shown when we consider the reasons for requesting the deposition; particularly when it appears that the motion was not timely presented to the trial court for its ruling. Additionally, appellant has not advanced any claim of injury suffered as a result of the trial court's refusal to grant the deposition. *See Yaw v. State,* 632 S.W.2d 768 (Tex.App.—Fort Worth 1982, pet. ref'd). We can perceive none inasmuch as the prosecutrix appeared, testified and was subjected to cross examination by appellant. *Cf. Greer v. State,* 523 S.W.2d 687 (Tex.Crim.App.1975); *McKinney v. State,* 505 S.W.2d 536 (Tex.Crim.App.1974).

The ground of error is overruled and the judgment of conviction is affirmed.