**Richard Franklin CRITES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–01265–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 5, 1985.

---

1. All references are to the Texas Rules of Civil Procedure.

Ruth Diane Lown, Dallas, for appellant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

STEPHENS, Justice.

Richard Franklin Crites appeals his conviction for indecency with a child. The jury assessed punishment at twenty years confinement. In two grounds of error, appellant contends that the trial court erred (1) in excluding evidence of prior promiscuous indecent exposure engaged in by the complainant and (2) in conducting a hearing outside of the jury's presence to determine the admissibility of the evidence tendered by appellant to prove the complainant's prior promiscuous indecent exposure. We disagree with appellant's contentions. Consequently, we affirm.

## PROMISCUOUS INDECENT EXPOSURE

■ Concerning appellant's first ground of error, the record reveals that in 1983 the Reverend George Thomas Cummie lived directly across the street from the appellant. Appellant lived in an apartment complex with his family, including complainant, his step-daughter. She turned fourteen on May 30, 1983, three months before the alleged offense.

Cummie testified that on four occasions in 1983, the exact dates of which he was unsure, he observed the complainant naked in a large picture window of her apartment, gyrating, shaking, and twisting. On one of these occasions, Cummie observed a crowd of some ten to fifteen people standing outside of the apartment complex watching the complainant. Two or three people in the crowd were children ages seven to nine. On the other three occasions, Cummie did not see anyone outside watching the complainant.

Appellant contends that Reverend Cummie's testimony raised the defensive issue of prior promiscuous indecent exposure under § 21.11(b)(4) of the Texas Penal Code and that the trial court erred by excluding his testimony. We disagree.

One of the statutory defenses to indecency with a child is that a child of fourteen years of age or older, prior to the offense charged, engaged promiscuously in indecent exposure. TEX.PENAL CODE ANN. § 21.11(b)(4) (Vernon Supp.1985). The promiscuous indecent exposure engaged in must be exposure of the anus or genitals *to another child younger than seventeen years,* not the spouse of the actor, knowing

that the child is present, with the intent to arouse or gratify the sexual desire of any person. *Id.* Just what is promiscuous indecent exposure for the purposes of section 21.11(b)(4) has not been addressed by any other court of this state but we take guidance from cases discussing promiscuity in other contexts.

In *Scott v. State*, 668 S.W.2d 901, 902 (Tex.App.—Fort Worth 1984, pet. ref'd), appellant was convicted of sexual abuse of a child and sentenced to five years confinement, probated. Then his probation was revoked for again engaging in sexual abuse of a child. The appellant, in *Scott*, apparently alleged that the complainant had engaged promiscuously in sexual intercourse or deviant sexual intercourse. The Fort Worth Court of Appeals held that promiscuous means not restricted to one sexual partner and connotes a variety of partners continuing over a reasonable period of time. *Id.* at 902. This court has recently approved this definition of promiscuity in *Wicker v. State*, 696 S.W.2d 680 (Tex.App.—Dallas 1985, pet. filed), wherein the appellant was convicted of sexual assault and he alleged that the complainant had promiscuously engaged in sexual intercourse. This definition of promiscuity indicates that sexual conduct, to be promiscuous, must occur more than once.

In *Boutwell v. State*, Nos. 711–83 to 713–83 (Tex.Crim.App. April 24, 1985) (not yet reported), the appellant was convicted in two cases of sexual abuse of a child and in one case of indecency with a child. In one of the convictions for sexual abuse of a child, appellant alleged that the complainant had, one day previous to the offense charged, engaged in several acts of oral and anal intercourse with more than one sexual partner. The Court of Criminal Appeals held that, even though the alleged promiscuous conduct of the complainant occurred only over the course of one day, the issue of the complainant's promiscuity was raised. *Boutwell*, slip op. at 5. Thus, from *Boutwell*, we see that the period of time over which conduct must continue in order to be promiscuous can be as little as one twenty-four hour span. Therefore, even though promiscuous conduct can occur in one day, the Court of Criminal Appeals has not indicated that conduct can be promiscuous if it occurs only once.

Cummie testified that he observed the complainant gyrating while naked in her picture window on four occasions, but the record affirmatively shows that children under seventeen observed this conduct on only one occasion. Promiscuous indecent exposure, to be a defense under section 21.11(b)(4), must be exposure to children younger than seventeen years—not exposure to adults. Because the indecent exposure to children under the age of seventeen occurred but once, we hold that the complainant's conduct was not promiscuous. Thus, the requirements of section 21.-11(b)(4) were not met and the trial court properly excluded appellant's tendered evidence. Appellant's first ground of error is overruled.

## ADMISSIBILITY HEARING

■ Appellant next contends that the trial court erred by granting the State's motion in limine and requiring him to demonstrate the admissibility of the evidence tendered by him to prove prior promiscuous indecent exposure by the complainant outside the presence of the jury. We disagree.

It is not the granting of a motion in limine which should constitute the basis for complaint on appeal but rather the exclusion of the particular matter offered, with the request for reconsideration, which must be the basis for complaint on appeal. *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim.App.1975), *cert. denied*, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 259 (1975). Following *Norman*, we hold that the trial court did not err when it granted the State's motion in limine and considered the admissibility of appellant's evidence on the defensive issue of prior promiscuous indecent exposure outside of the jury's presence. Hearing the proffered evidence outside of the jury's presence cannot consti-

tute the basis for the appeal. Rather, it is the exclusion of that evidence, which action we have held was proper, which provides the basis for the appeal. Appellant's second ground of error is overruled.

Affirmed.