**Bill WIMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00183–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 24, 1986.

Scott Stehling, Kerrville, Charles D. Butts, San Antonio, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a conviction for sexual assault. The jury found the appellant guilty as charged and set punishment at fifteen years confinement. We affirm.

The indictment alleged that the appellant on or about December 10, 1984 caused the penetration of the mouth of complainant, his natural daughter by a prior marriage, by the insertion of his sexual organ into

her mouth. The daughter was 14 at the time of the sexual assault. She testified to other acts of a sexual nature performed on her by the appellant over a period of time and that the oral sex had occurred two or three times. There was no evidence produced at trial of any sexual activities of the daughter other than the incidents with appellant. Appellant took the stand in his own behalf and admitted to having had oral sex with his daughter.

■ Appellant's only point of error is the trial court's refusal to submit appellant's requested instruction to the jury. Appellant had requested that the trial court instruct the jury with the defense of promiscuity under § 22.011(d)(1) of the Texas Penal Code. Appellant argues that the evidence of the prior sexual acts with his daughter warrants an instruction to the jury on the defense of promiscuity under § 22.011(d) of the Penal Code. Section 22.011(d)(1) says "It is a defense to prosecution under Section (a)(2) of this section that: (1) the child was at the time of the offense 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that section." [1]

"Promiscuously" is not defined in the statute. However, Texas courts have held that "promiscuity connotes a variety of consensual sexual conduct with a variety of partners continuing over a reasonable period of time." *Wicker v. State*, 696 S.W.2d 680, 682 (Tex.App.—Dallas, 1985), *see also Jasso v. State*, 699 S.W.2d 658, 660 (Tex. App.—San Antonio, 1985), *Ormand v. State*, 697 S.W.2d 772, 773 (Tex.App.—Corpus Christi, 1985), *Scott v. State*, 668 S.W.2d 901, 902 (Tex.App.—Fort Worth, 1984, PDR refused). In *Wicker, supra,* the only evidence of promiscuity supporting the defense of promiscuity was the testimony that the complainant twice engaged in sexual activity with men other than the appellant, and had engaged in sexual intercourse with one person, other than defendant, prior to the offense charged. The *Wicker* court held that this evidence was insufficient to raise the defense of promiscuity.

In *Jasso v. State*, 699 S.W.2d 658 (Tex. App.—San Antonio, 1985), the defendant was charged under TEX.PENAL CODE ANN. § 21.09, the predecessor of TEX.PENAL CODE ANN. § 22.011. At trial the defendant only raised the defense of alibi but on appeal claimed that he should have been found not guilty as a matter of law by application of the promiscuity defense. Evidence had been produced by the state that the prosecutrix had engaged in sexual intercourse with the defendant on a previous occasion. The court stated that even though the promiscuity defense was never raised at trial, the evidence was insufficient to raise the promiscuity defense. The court observed that "promiscuity" connotes a variety of sexual partners and clearly excluded a single prior act of sexual intercourse. 699 S.W.2d at 660. Furthermore,

> The only prior sexual conduct raised by the evidence was a single previously undetected or undisclosed instance of sexual intercourse by appellant. We think that promiscuity can hardly be established by repeated acts of the same offender much less a single other instance so as to create a defense which excuses proscribed conduct. We reject appellant's argument that promiscuity was raised much less established as a matter of law. 699 S.W.2d at 660.

Appellant urges that the above cited cases are distinguishable since the instant case involves a variety of prior sexual acts. We believe that the reasoning of the above cases is dispositive especially with regards to defining promiscuous behavior under the statute. Appellant overlooks that the

---

1. The law under which appellant was charged reads as follows:

§ 22.011(a). A person commits an offense if the person: ...
(A) Causes the penetration of the anus or vagina by any means;

(B) Causes the penetration of the mouth of a child by the sexual organ of the actor; or
(C) Causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.

cases not only define promiscuous behavior as involving a variety of consensual sexual conduct but also a variety of partners. In the instant case, the only acts of prior promiscuity of the daughter are acts which occurred with the appellant. There is no evidence of any acts involving the daughter and a third party.

Furthermore, appellant is attempting to use his prior acts of sexual misconduct with his daughter to set up a defense to the conduct he is charged. It is clearly not the intent of the legislature to allow the offender's repeated acts of misconduct to be used as a defense to the proscribed conduct under the statute.

A defendant is entitled to an affirmative defense instruction on every issue raised by the evidence. *Warren v. State*, 565 S.W.2d 931, 933 (Tex.Crim.App.1978). The jury charge must also distinctly set forth the law applicable to the case and apply the law properly to the facts. TEX. CODE CRIM.PROC. art. 36.14, *Gutierrez v. State*, 625 S.W.2d 58 (Tex.App.—San Antonio, 1981). We are of the opinion that the evidence presented did not raise the defense of promiscuity; therefore, the trial judge did not err by refusing to so instruct the jury. Appellant's point of error is overruled and the decision of the trial court is affirmed.