Auler v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-037-CR

Â Â Â Â Â Â Â Â ROBERT WILLIAM AULER,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â THE STATE OF TEXAS,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

 

From the 40th District Court
Ellis County, Texas
Trial Court # 19906CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Appellant Robert William Auler was tried and convicted on one count of sexual assault of
a minor and sentenced to four years of confinement in the Texas Department of Corrections-Institutional Division with no fine. See Tex. Penal Code Ann. Â§ 22.011(a)(2) (Vernon 1989).
Â Â Â Â Â Â Â Â Â Â In two points of error, Auler argues the trial court erred in failing to give an instruction
to the jury on the statutory defense, since repealed by the Legislature, of the minor victim's
promiscuity. See id. Â§ 22.011(d).


 We affirm.
Â Â Â Â Â Â Â Â Â Â Auler had sexual intercourse with the victim, a sixteen-year-old girl, on September 13,
1991. He met her several months prior to the date of the offense when he would assist her father
and other men as they worked on a race car in her father's garage. Auler drove the car at a local
racetrack during the summer racing season. The victim worked in the racetrack's concession
stands and would watch Auler drive the race car. Also during the summer racing season, the
victim would visit with Auler and his wife at her father's house when they would come to visit or
to work on the race car. On several occasions the victim spent the night at the Auler's home
because she enjoyed the time she spent with them. After the date of the offense, the victim went
to the zoo once with the Aulers, and on another occasion after the date of the offense she went to
an amusement park with some of her friends and Auler while Auler's wife worked.
Â Â Â Â Â Â Â Â Â Â On the evening of September 12, 1992, the victim went to the Auler's home to spend the
night. The next morning, after Auler's wife left for work, Auler and the victim engaged in sexual
intercourse.
Â Â Â Â Â Â Â Â Â Â Evidence was adduced at trial that the victim had been on a few dates with males other than
the appellant before the date of the offense, that the victim had a boyfriend at the time of the
offense, and that the victim periodically left roses on both the race car Auler drove and on the race
car driven by another of her father's acquaintances. The victim provided uncontroverted
testimony that Auler was the only person with whom she had ever had intercourse or engaged in
"heavy petting." Auler testified that he believed, from the way the victim performed the sexual
act, that she had previously engaged in sexual intercourse.
Â Â Â Â Â Â Â Â Â Â When evidence from any source raises a defensive issue, and the defendant properly
requests a jury charge on that issue, the trial court must submit the issue to the jury. Muniz v.
State, 851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, -- U.S. --, 114 S.Ct. 116 (1993);
Wimer v. State, 717 S.W.2d 468, 470 (Tex. App.âSan Antonio 1986, no pet.). The evidence
which raises the issue may be either strong, weak, contradicted, unimpeached, or unbelievable. 
Muniz, 851 S.W.2d at 254. When the evidence fails, however, to raise a defensive issue, the trial
court commits no reversible error in refusing a requested instruction. Id.
Â Â Â Â Â Â Â Â Â Â The evidence failed to raise the issue of the victim's promiscuity. Promiscuity connotes
a variety of consensual contact with a variety of sexual partners over a reasonable period of time. 
Wicker v. State, 696 S.W.2d 680, 682-683 (Tex. App.âDallas 1985), affirmed, 740 S.W.2d 779
(Tex. Crim. App. 1987), cert. denied, 485 U.S. 938, 108 S.Ct. 1117 (1988) (quoting Scott v.
State, 668 S.W.2d 901, 902 (Tex. App.âFort Worth 1984, pet. ref'd). Here, the evidence failed
to indicate that the victim had engaged in sexual activity with anyone other than the appellant at
any time before the date of the offense. See Wimer, 717 S.W.2d at 469-470 (to be promiscuous
means to be sexually active with more than one person); Jasso v. State, 699 S.W.2d 658, 660
(Tex. App.âSan Antonio 1985, no pet.) (same). Furthermore, Auler's assertions that the victim
was a promiscuous person merely because, at the time of the offense, she had a boyfriend, she had
placed roses on his and another driver's race cars, and she had performed like an experienced
participant in sexual activity are clearly insufficient to raise the promiscuity defense. See Wicker,
696 S.W.2d at 683 (two sexual acts, one being intercourse, before the date of the offense do not
constitute promiscuousness and the trial court did not err in refusing to give a jury instruction on
the promiscuousness defense).
Â Â Â Â Â Â Â Â Â Â Because we find the evidence adduced at trial failed to raise any issue of the victim's
promiscuity, we conclude the court did not err in refusing to give a jury instruction on the
promiscuity defense. Auler's points of error are overruled, and the judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed December 28, 1994
Do not publish



amily:"CG Times";mso-fareast-font-family:"CG Times";mso-bidi-font-family:
"CG Times"'>1.Â Â Â Â Â 
threatens
another with imminent bodily injury;

2.Â Â Â Â Â 
in
retaliation against another; and

3.Â Â Â Â Â 
Olivas was
the perpetrator of the assault.

See Tex.
Penal Code Ann. § 22.02(a)(2), (b)(3) (Vernon Supp. 2004-2005).

We find that McGowan
v. State controls the disposition of this appeal.Â  McGowan
v. State, 664 S.W.2d 355 (Tex. Crim. App. 1984).Â  In this case, as in McGowan, the victim, Kim Tunnell, did not perceive the threat at
the time the offense occurred.Â  Kim
specifically testified contrary to the StateÂs indictment that she heard pops
and thought the sounds came from rocks.Â 
It was only after the offense occurred that she discovered the bullet
hole in her pickup.Â  Viewing the evidence
under the appropriate standard of review, we find the evidence legally
insufficient to support a crucial element of the offense, that Kim Tunnell was
threatened with imminent bodily injury.Â  See Vodochodsky
v. State, No. 74,129, 2004 Tex. Crim. App. LEXIS 663 (Tex. Crim. App. April 21, 2004).Â  We
need not address OlivasÂs remaining arguments under this issue.

OlivasÂs first issue is sustained.

Â Â Â Â Â Â Â Â Â  Olivas
next contends the evidence is legally and factually insufficient to support his
conviction for stalking because Kim Tunnell was not placed in fear of bodily
injury or death when Olivas told her in a voicemail to Âcount your frigginÂ
hours.ÂÂ  One element of stalking is that
the defendant causes another to be placed in fear of bodily injury or death.Â  Tex.
Penal Code Â§ 42.072(a)(2) (Vernon 2003).

Although Kim, at one point, testified that she
did not feel physically threatened at the time of the message, she also
testified that she felt threatened and that physical and bodily harm was a
possibility.Â  Viewing the evidence under
the appropriate standards of review, we find the evidence both legally and
factually sufficient to support the conviction.Â 
See Vodochodsky v. State, No. 74,129, 2004 Tex. Crim. App. LEXIS 663
(Tex. Crim. App. April 21, 2004) (legal sufficiency standard of review); Zuniga v. State, No. 539-02, 2004 Tex.
Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (factual
sufficiency standard of review).Â 
OlivasÂs second issue is overruled.

Confrontation Clause

In his third issue, Olivas argues that the trial
court erred in excluding relevant
evidence of a prior assault charge filed against Kim Tunnell.Â  Because of this alleged error, Olivas
contends his right to confront witnesses was denied.Â  The trial court ruled that the evidence was
irrelevant.Â  See Tex. R. Evid.
401.Â  Olivas presents no argument as to
why that ruling was incorrect.Â  He only
assumes the evidence was relevant.Â 
Olivas does not contend that the Confrontation Clause may occasionally
require the admissibility of evidence that the Rules would exclude.Â  See
Lopez v. State, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000).Â  This issue presents nothing for review.Â  Long v.
State, 137 S.W.3d 726, 737 (Tex. App.ÂWaco 2004, pet. refÂd).

Conclusion

Â Â Â Â Â Â Â Â Â  Having
sustained OlivasÂs first issue, we reverse the trial courtÂs judgment of
conviction for aggravated assault (retaliation) by threat and render a judgment
of acquittal for that offense.Â 
Additionally, having overruled every other issue properly presented on
appeal, we affirm the trial courtÂs judgment as to the conviction for stalking.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â  Justice
Reyna

Affirmed in part, reversed and rendered in
part

Opinion delivered and filed November 10, 2004

Do not publish

[CRPM]