Charlie Louis Shavers v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00354-CR

     CHARLIE LOUIS SHAVERS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 9893-A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Charlie Shavers was convicted of assault on a family member in a bench trial. The court
found him guilty and assessed punishment at seven years in prison. On appeal, his sole issue
is that the court should have granted his request for a free psychiatric evaluation when the issue
of insanity was raised.
      Shavers’ appointed counsel filed a motion for continuance stating that Shavers had recently
been diagnosed with a mental impairment and requesting time to acquire the services of an
expert witness. At the hearing on the motion, Shavers testified that he had recently attempted
suicide and had an appointment scheduled with MH-MR on the day of trial. He also testified
that he was unemployed and did not have the financial means to obtain such an evaluation. 
The State points out that Shavers did not raise the issue timely.
      The Penal Code provides that insanity may be raised as a defense to a criminal
prosecution. Tex. Pen. Code Ann. § 8.01 (Vernon 2003). However, the Code of Criminal
Procedure requires that the defendant give notice of his intention to raise the defense. Tex.
Code Crim. Proc. Ann. art. 46.03 § 2(a) (Vernon Supp. 2004). The court may, on a finding
of good cause for failure to give a timely notice, allow evidence of insanity. Id. § 2(b)
(Vernon Supp. 2004). We review the court’s determination of good cause for an abuse of
discretion. See Wagner v. State, 687 S.W.2d 303, 306 (Tex. Crim. App. 1984) (“The trial
court has the discretion to decide whether good cause is present for failure to file timely.”).
      Shavers never filed the statutory notice. Our review of the record convinces us that the
trial court acted within its discretion in refusing to allow Shavers to develop an insanity
defense in the absence of a timely notice. Because this defense was not available, the court did
not err in refusing his request for an evaluation by an expert. The issue is overruled.
      We affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed March 17, 2004
Do not publish

[CR25]



the Aulers, and on another occasion after the date of the offense she went to
an amusement park with some of her friends and Auler while Auler's wife worked.
          On the evening of September 12, 1992, the victim went to the Auler's home to spend the
night. The next morning, after Auler's wife left for work, Auler and the victim engaged in sexual
intercourse.
          Evidence was adduced at trial that the victim had been on a few dates with males other than
the appellant before the date of the offense, that the victim had a boyfriend at the time of the
offense, and that the victim periodically left roses on both the race car Auler drove and on the race
car driven by another of her father's acquaintances. The victim provided uncontroverted
testimony that Auler was the only person with whom she had ever had intercourse or engaged in
"heavy petting." Auler testified that he believed, from the way the victim performed the sexual
act, that she had previously engaged in sexual intercourse.
          When evidence from any source raises a defensive issue, and the defendant properly
requests a jury charge on that issue, the trial court must submit the issue to the jury. Muniz v.
State, 851 S.W.2d 238, 254 (Tex. Crim. App.), cert. denied, -- U.S. --, 114 S.Ct. 116 (1993);
Wimer v. State, 717 S.W.2d 468, 470 (Tex. App.—San Antonio 1986, no pet.). The evidence
which raises the issue may be either strong, weak, contradicted, unimpeached, or unbelievable. 
Muniz, 851 S.W.2d at 254. When the evidence fails, however, to raise a defensive issue, the trial
court commits no reversible error in refusing a requested instruction. Id.
          The evidence failed to raise the issue of the victim's promiscuity. Promiscuity connotes
a variety of consensual contact with a variety of sexual partners over a reasonable period of time. 
Wicker v. State, 696 S.W.2d 680, 682-683 (Tex. App.—Dallas 1985), affirmed, 740 S.W.2d 779
(Tex. Crim. App. 1987), cert. denied, 485 U.S. 938, 108 S.Ct. 1117 (1988) (quoting Scott v.
State, 668 S.W.2d 901, 902 (Tex. App.—Fort Worth 1984, pet. ref'd). Here, the evidence failed
to indicate that the victim had engaged in sexual activity with anyone other than the appellant at
any time before the date of the offense. See Wimer, 717 S.W.2d at 469-470 (to be promiscuous
means to be sexually active with more than one person); Jasso v. State, 699 S.W.2d 658, 660
(Tex. App.—San Antonio 1985, no pet.) (same). Furthermore, Auler's assertions that the victim
was a promiscuous person merely because, at the time of the offense, she had a boyfriend, she had
placed roses on his and another driver's race cars, and she had performed like an experienced
participant in sexual activity are clearly insufficient to raise the promiscuity defense. See Wicker,
696 S.W.2d at 683 (two sexual acts, one being intercourse, before the date of the offense do not
constitute promiscuousness and the trial court did not err in refusing to give a jury instruction on
the promiscuousness defense).
          Because we find the evidence adduced at trial failed to raise any issue of the victim's
promiscuity, we conclude the court did not err in refusing to give a jury instruction on the
promiscuity defense. Auler's points of error are overruled, and the judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 28, 1994
Do not publish