**Lester BOUTWELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–82–241–CR(T).**

Court of Appeals of Texas,
Austin.

June 1, 1983.

Malcom C. Smith, Austin (retained counsel), for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

This is an appeal from a judgment of conviction, pursuant to a plea bargain, for the offense of indecency with a child. Tex. Pen.Code Ann. § 21.11(a)(1) (1974) (a third degree felony at the time of trial). Appellant judicially confessed to the offense and received a sentence of seven years in the Texas Department of Corrections.

Three grounds of error are advanced in appellant's original brief. In addition, appellant requested leave to file a second brief raising three new grounds of error, which request was granted by this Court. Having granted that motion, we will fully consider all grounds of error raised in both briefs.

This conviction arises from the same series of events that led to appellant's conviction in *Boutwell v. State*, 653 S.W.2d 100 (Tex.App.1983). For purposes of brevity, we will not repeat the factual recitation from that opinion.

Appellant's first ground of error recites that in the interest of justice we should dismiss this appeal because appellant had an absolute defense to the charge. Reference is made to the defense of prior promiscuity. Prior to trial, both appellant's counsel and the counsel for the State attempted to stipulate that the entire statement of facts of appellant's earlier jury trial would constitute the record for this appeal. The trial court quite properly invoked its discretion and refused to approve this agreement, since another judge had presided at that trial and he (the judge in this case) had no knowledge of the contents of that statement of facts. The parties then stipulated as to what the testimony of three witnesses would be if they were called to testify.

■ Pursuant to Tex.Code Cr.P.Ann. art. 44.02 (1979), appellant preserved his right to appeal the denial of a prior promiscuity defense. However, the stipulated testimony does not raise any question of prior promiscuity on the part of the complaining witness. Further, even had the court attempted to incorporate the entire statement of facts of the prior jury trial into the record, the evidence would not raise prior promiscuity sufficiently to afford appellant the defense. *Boutwell v. State, supra; see also Parent v. State,* 621 S.W.2d 796, 797 (Tex.Cr.App.1981). Appellant's first ground of error is overruled.

■ Grounds two and three assign error in the failure of the statutory scheme of Chapter 21 of the Penal Code to extend the "defense" of cohabitation to the offense of indecency with a child. Texas Pen.Code Ann. § 21.12 (1974) provides:

[t]he exclusion of conduct with a spouse from the definitions of offenses in Sec-

tions 21.02 through 21.05 of this code (Rape, Aggravated Rape, Sexual Abuse, Aggravated Sexual Abuse) extends to the conduct of persons while cohabiting, regardless of the legal status of their relationship and of whether they hold themselves out as husband and wife.

This section essentially extends the definition of "spouse" in §§ 21.02 through 21.05 to include cohabitors who are not "married" in any legal definition of that term. This broader definition of the term is not applicable to the offense of indecency with a child under Tex.Pen.Code Ann. § 21.11.

Appellant argues that the failure of the Legislature to make § 21.12 applicable to § 21.11 results in an irrational and invidious discrimination under the Fourteenth Amendment to the United States Constitution and Tex.Const.Ann. art. I, § 3a. We disagree.

By making § 21.12 applicable to §§ 21.02 through 21.05, but not to § 21.11, the Legislature has made a classification based on age. Those who commit offenses against children are not afforded the extended definition of "spouse." In such a case as this, the legislative classification must rest upon some ground of difference bearing a fair and substantial relation to the object of the legislation. *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 294, 102 S.Ct. 1070, 1077, 71 L.Ed.2d 152 (1982); *Boutwell v. State, supra.* The State of Texas has an interest in providing protection to children under the age of 18 because of their tender years and their susceptibility to unhealthy influences. The failure to make § 21.12 applicable to § 21.11 furthers the State's interest in this regard. The statutory scheme bears a fair and substantial relation to the objects that the legislation was designed to accomplish. *Boutwell v. State, supra.* Appellant's second and third grounds of error are overruled.

■ The fourth ground assigned on appeal is that appellant was denied the right of cross examination of a State's witness when the trial court denied appellant discovery of that witness' juvenile records. The record reflects that the court did, indeed, deny this motion by appellant. *Cf. Boutwell v. State, supra.* Although the State of Texas has a compelling interest in protecting the confidentiality of juvenile matters, "the right of confrontation [and cross examination] is paramount to the State's policy of protecting a juvenile offender." *Davis v. Alaska,* 415 U.S. 308, 319, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974). If the record shows that the appellant was denied existing juvenile records of the witness, then he has established a predicate for review by this Court; otherwise, he has not.

■ Texas Code Cr.P.Ann. art. 40.09(6) (Supp.1982) provides, in relevant part:

(a) A party desiring to have the record disclose some action, testimony, evidence, proceeding, objection, exception or other event or occurrence not otherwise shown by the record may utilize a bill of exception for this purpose....

(b) A bill of exception shall be a necessary predicate for appellate review only if the matter complained of is not otherwise shown by the record....

Without a showing that juvenile records for the witness actually existed at the time of trial, and without a showing as to what the contents of such juvenile records may have been, appellant has not shown that the court's denial of the motion actually deprived him of anything. This Court cannot speculate as to what such juvenile records, if they existed, contained. The failure to develop the existence of juvenile records and their contents is especially significant in that appellant is relying on the constitutional right to cross examine a witness under the confrontation clause. *Mutscher v. State,* 514 S.W.2d 905, 920 (Tex.Cr.App. 1974). By failing to show that the records existed, and by failing to incorporate the contents thereof into a bill of exception, appellant has waived any right to appellate review. *Cf. Harris v. State,* 642 S.W.2d 471, 477, nn. 16, 17 (Tex.Cr.App.1982). Appellant's fourth ground of error is overruled.

■ The fifth and sixth grounds of error are that appellant's guilty plea was not

voluntary because it was entered upon his counsel's representation that errors committed in an earlier jury trial (*Boutwell v. State, supra*) would be preserved and appealed; that he would only serve three years of his sentence before being paroled; and that his appeal would be heard within eighteen months.

The record in this case does not reflect that any such representations were made to appellant. Further, appellant was extensively admonished by the court before he was allowed to plead guilty. Appellant agreed with the court that he was pleading guilty "of [his] own free will"; and that "the fact that there is a plea bargain in this case is not the reason that [he was] pleading guilty, but [he was] pleading guilty because [he was] guilty *and for no other reason.*" Finally, we note that the errors assigned in appellant's jury trial were, in fact, appealed, albeit unsuccessfully. *See Boutwell v. State, supra.* For the foregoing reasons, appellant's fifth and sixth grounds of error are overruled.

The judgment of conviction is affirmed.

SHANNON, J., not participating.