Mickey Joe WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–86–0020–CR.

Court of Appeals of Texas, Tyler.

March 24, 1987.

Marion G. Holt, Nacogdoches, for appellant.

Herbert Hancock, Dist. Atty., Nacogdoches, for appellee.

COLLEY, Justice.

Appellant Mickey Joe Walker was convicted by a jury of sexual assault[1] of a fourteen-year-old child, hereafter referred to as "victim" or "N.H.B." The jury assessed Walker's punishment at confinement for twenty years. We reverse the judgment and remand the cause for a new trial.

The offense was committed on August 26, 1985. Walker urges two points of error, claiming the trial judge erred in excluding the testimony of six defense witnesses describing the victim's prior sexual conduct with other men and boys. The record shows that the testimony of the witnesses was initially heard by the court out of the presence and hearing of the jury. We summarize the testimony of four of these witnesses.

Eric,[2] a sixteen-year-old male, related that in July of 1985, the victim performed fellatio on him. Keith, age nineteen, testified that in June of 1985, he saw N.H.B. "trying to mess [with another male child] in the butt ... with his [N.H.B.'s] private parts." Jerry, age nineteen, testified that on August 24, 1985, he saw the victim submit to anal intercourse with an adult male for which he was paid $20.00. Charlene, a divorced female of unknown age, testified that the victim told her that before August 26, 1985, he "had sex, you know, intercourse ..." with an adult male.

Section 22.011, as pertinent here, reads:
(a) A person commits an offense if the person:

....

(2) intentionally or knowingly:
(A) causes the penetration of the anus or vagina of a child by any means;
(B) causes the penetration of the mouth of a child by the sexual organ of the actor; or
(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.

....

(d) It is a defense to prosecution under Subsection (a)(2) of this section that:
(1) the child was at the time of the offense 14 years of age or older and

1. Under former Section 22.011(a)(2)(A), Act of June 19, 1983, ch. 977, § 3, 1983 Tex.Gen.Laws 5311, 5312–5314, amended by Act of June 12, 1985, ch. 557, § 1–3, 1985 Tex.Gen.Laws 2159; (codified as Tex.Pen.Code Ann. § 22.011). All references to section 22.011 hereafter made will be to the 1983 version of section 22.011 unless otherwise indicated.

2. Only the first name of the witnesses will be used to identify them.

had prior to the time of the offense engaged promiscuously in conduct described in that subsection.

 Walker contends that the testimony of these witnesses [3] raises the defense afforded by section 22.011(d)(1). As to the testimonies of the *witnesses above named*,[4] we agree. The testimony of these witnesses, considered collectively, shows that the victim had engaged promiscuously in sexual conduct described in section 22.011(a)(2) and that he engaged in such conduct on four separate occasions prior the date of the instant offense with at least three different individuals during a period of some three or more months. The Legislature has not defined the term "promiscuously" as used in section 22.011(d)(1). Therefore, the term should "be read in context and construed according to the rules of grammar and common usage," unless the word has otherwise "acquired a technical or particular meaning." Tex.Gov.Code Ann. § 311.011 (Vernon Supp.1987). In the context of human sexuality, "promiscuous" has been defined to mean that a person is sexually promiscuous if he has more than "one sexual partner." *Webster's Third New International Dictionary*, (1976 ed.). The "promiscuity" defense under section 22.011(d)(1) is available to a defendant charged with sexual assault regardless of the sex (gender) of the complainant or the accused. In *Boutwell v. State*, 719 S.W.2d 164, 168 (Tex.Cr.App.1985) (original opinion), the Court of Criminal Appeals expressly disapproved the conclusion of the Austin Court of Appeals that "[a] person is not promiscuous simply because he has engaged in several acts of sexual conduct within one twenty-four hour period span." [5] The Court of Criminal Appeals in fact indicated that the converse is true. That is,

where one twice engages in sexual conduct with each of two partners in one day, such raises the promiscuity defense provided by section 22.011(d)(1). *Boutwell*, 719 S.W.2d at 168. We conclude that the victim's sexual conduct as related in the testimony of the witnesses named above clearly raises Walker's statutory defense of "promiscuity" under section 22.011(d)(1). The trial judge in excluding the testimony of these witnesses erroneously relied on the provisions of former section 22.065(a) [6] which vests discretion in the trial judge to admit such testimonies "if ... the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." Section 22.065(a); *Boutwell*, 719 S.W.2d at 168. In *Boutwell*, the court pointed out that "[b]y its own terms, section 21.13 [renumbered as section 22.065 by the 1983 amendments] applies to nonconsensual offenses." *Id.*

 As Judge Clinton pointed out in *Boutwell*, the "promiscuity" defense to sexual assault of a child is provided by the Legislature, and the courts are obligated, however revolting that duty is, to uphold it where, as here, it is raised by the evidence.[7]

Walker's points of error are sustained, the judgment is reversed, and the cause remanded for a new trial.

---

3. The testimony of each witness describes prior consensual sexual conduct of the victim falling within the sexual conduct described in section 22.011(a)(2).

4. All emphasis in this opinion is ours unless otherwise noted.

5. *See Boutwell v. State*, 653 S.W.2d 100, 103 (Tex.App.—Austin 1983) *rev'd*, 719 S.W.2d 164 (Tex.Cr.App.1985) (original opinion).

6. Act of June 19, 1983, ch. 977, § 4, 1983 Tex. Gen.Laws 5311, 5312–5315–5316, repealed by Tex.R.Crim.Ev. pursuant to authority of Act of June 14, 1985, ch. 685, § 9(a)(1) and 2(b)(1). Hereinafter referred to as section 22.065.

7. We suggest the Legislature should consider a revision of section 22.011(d)(1) (Vernon Supp. 1987) which would eliminate the defense where the victim of the assault is a child younger than sixteen years of age.