Bryan Keith JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–95–017–CR.

Court of Appeals of Texas,
Waco.

Aug. 14, 1996.

Rehearing Overruled Nov. 20, 1996.

Earl E. Bates, Jr., Ward Casey, Fort Worth, for appellant.

John W. Segrest, Criminal District Attorney, Susan N. Kelly, Asst. District Attorney, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

In this appeal from a conviction for indecency with a child, we decide that under the promiscuity defense available at the time of the offense, the court erred in excluding evidence of prior sexual acts by the child and that the error harmed the defendant by denying him a defense created by the legislature. We reverse and remand for a new trial.

Bryan Keith Johnson was charged by indictment with the felony offense of indecency with a child. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 1994). Section 21.11(a)(1) provides:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, ... he:

   (1) engages in sexual contact with the child.

*Id.* According to section 21.01(2) of the code,

   (2) "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

*Id.* § 21.01(2) (Vernon 1994). Johnson pled not guilty to the indictment, and a jury found him guilty of the offense and assessed punishment at fifteen years in prison. He appeals on four points. In points one and two, Johnson claims the court erred by refusing to allow him to cross-examine the victim before the jury regarding her prior sexual conduct, depriving him of his right to present the statutory defense of promiscuity and his sixth amendment right to confrontation. In points three and four, Johnson claims the court erred by allowing a surprise expert witness to provide "human lie detector" testimony, depriving him of a fair trial. Because we find that evidence of the promiscuity defense should have been admitted, we will reverse and remand the cause for a new trial.

## BACKGROUND

The victim of the offense was S.M., a fifteen-year-old girl. According to S.M., then a ninth-grader at Robinson High School, Assistant Principal Keith Johnson fondled her breasts in his office on May 10, 1994.

Johnson sought to raise the promiscuity defense provided by section 21.11(b) of the Texas Penal Code. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918, *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3616.[1] According to section 21.11(b):

(b) It is a defense to prosecution under this section that the child at the time of the alleged offense was 14 years or older and had, prior to the time of the

---

1. The repealer abolished the promiscuity defense to indecency with a child for offenses committed on or after September 1, 1994. Because the instant offense occurred on May 10, 1994, the defense is still available to Johnson.

alleged offense, engaged promiscuously in:

(1) sexual intercourse;

(2) deviate sexual intercourse;

(3) sexual contact; or

(4) indecent exposure as defined in Subsection (a)(2) of this section.

*Id.* § 21.11(b).

The court heard the following testimony outside the presence of the jury:

[DEFENSE]: What kind of things did you discuss with Mr. Johnson about your boyfriend?

[S.M.]: He had asked me if I was sexually active with him, and we had a conversation previous to that about another boyfriend that I had been sexually active with, and so we just started discussing that kind of stuff like that.

[DEFENSE]: Okay. And you informed him—the boyfriend on this occasion was [J.O.]. Is that right?

[S.M.]: Yes.

[DEFENSE]: The boyfriend on the other occasion was [M.C.]. Is that right?

[S.M.]: Yes, sir.

[DEFENSE]: Okay. And the reason that discussion came up is because, if I understand you correctly, you and Mr. Johnson had had a prior conversation about your sexual relationship with [M.C.]—

[S.M.]: Yes.

[DEFENSE]: —and how that might be affecting you and that sort of thing. Is that right?

[S.M.]: Yes, sir.

[DEFENSE]: Okay. Tell me how—relating to [M.C.], what did you discuss with Mr. Johnson about [M.C.]?

[S.M.]: He had told me, you know, that I was a Christian and I shouldn't be doing that kind of stuff, and just going into that, and that I

shouldn't be doing—you know, guys, you know, they're going to like or they should like me for who I am and not for what I do, and stuff like that. And I agreed with him, and he told me that I shouldn't just sleep with every guy that I go out with or anything like that, so basically, that was it.

[DEFENSE]: How many guys have you slept with?

[S.M.]: Before or after?

[STATE]: Rob, the only question that would be appropriate is before the date of the offense.

[DEFENSE]: That's correct. Before the—

[S.M.]: Two.

[DEFENSE]: Okay. That being [M.C.] and—

[S.M.]: —[J.O.].

[DEFENSE]: —[J.O.]. Okay. With respect to [M.C.], one of the reasons that you got to Mr. Johnson's office to talk about that incident was because you were sent there by a teacher. Isn't that correct? And you were sent there by a teacher because you had made some statements in class that you thought you were pregnant. Is that correct?

[S.M.]: I don't remember. I remember that being a rumor and stuff. I remember it being talked about, but I'm not sure if I got sent to the office for that specific thing. I'm not sure why I was sent to the office that time.

[DEFENSE]: Okay. Well, my more specific question is, do you remember having some conversations in your class with various classmates where you were worried about being pregnant and you told them you thought you might be pregnant?

[S.M.]: Yes, sir.

[DEFENSE]: And that's because you had sex the weekend before with [M.C.]?

[S.M]: Yes, sir.

. . .

[DEFENSE]: Okay. Then there was another incident in which you were showing a sunburn that you had gotten over a weekend, I guess. Is that right?

[S.M.]: Yes, sir.

[DEFENSE]: Do you remember that incident?

[S.M.]: Yes, sir.

[DEFENSE]: Do you remember having on kind of a rounded blouse or—

[S.M.]: It was a shirt and it had a ruffle around the top of it, and it had a little space, like around right here of where my sunburn was.

[DEFENSE]: Okay. Do you remember pulling your shirt down and showing members of your class your sunburn?

[S.M.]: I didn't pull down my shirt. I just opened that little space right there. I opened it up a little bit wider and showed everyone how bad my sunburn was.

[DEFENSE]: Do you remember talking with the teacher who said she didn't think that was appropriate, the way you were showing people your sunburn?

[S.M.]: Yes, sir.

. . .

[DEFENSE]: Okay. And do you remember you making a statement, "It's my body. I'll do what I want with it"?

[S.M.]: Yes, sir.

[DEFENSE]: And do you remember at that point the teacher, because you said it loud enough for the class to hear, she sent you to Mr. Johnson's office about that?

[S.M.]: Yes, sir.

. . .

[STATE]: [S.M.], with [M.C.] and [J.O.], did you have feelings for those guys?

[S.M.]: Yes.

[STATE]: When you had sex with them, were you just giving your body to them without any feeling?

[S.M.]: No.

[STATE]: Did you believe that you loved them?

[S.M.]: Yes.

The State objected to the evidence, arguing that it was not sufficient to raise the promiscuity defense. The court sustained the State's objection, and denied Johnson permission to cross-examine S.M. before the jury on the issue of her prior sexual conduct.

## STANDARD OF REVIEW

We review the court's decision to exclude evidence of S.M.'s prior sexual conduct under an abuse-of-discretion standard. *Holloway v. State,* 751 S.W.2d 866, 870 (Tex. Crim.App.1988). After hearing the evidence presented, the court's task was to make a determination as to admissibility. *See id.* Unlike some determinations—*e.g.,* the admissibility of a confession—this determination of admissibility did not require the court to resolve any preliminary questions of fact. *See id.* "Instead, the role of a judge is to examine the proffered testimony in the light of a specific fact at issue in the trial, and then determine if some or all of the proffered evidence is material to that fact." *Id.* A rule of admissibility such as this is "not concerned with the weight of the evidence." *Id.* (citing Ray, *Law of Evidence,* § 1481, 2 Texas Practice 166).

Under the rules of evidence, the issue is one of relevancy. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

be without the evidence." Tex.R.Crim. Evid. 401. "All relevant evidence is admissible, except as otherwise provided by constitution, by statute, by [the] rules [of criminal evidence] or by other rules prescribed pursuant to statutory authority." *Id.* 402.

### THE "PROMISCUITY" DEFENSE

■ In points one and two, Johnson claims the court erred by refusing to allow him to cross-examine S.M. before the jury regarding her prior sexual conduct. Johnson contends in his first point that this deprived him of the right to present the defense of promiscuity. The promiscuity defense to indecency with a child had two elements. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918 (amended 1994). First, at the time of the alleged offense, the child had to be "14 years or older." *Id.* It is undisputed that S.M. was fifteen years old at the time of the offense. Second, prior to the time of the alleged offense, the child had to have engaged *"promiscuously* in: (1) sexual intercourse; (2) deviate sexual intercourse; (3) sexual contact; or (4) indecent exposure as defined in Subsection (a)(2) of this section." [2] *Id.* (emphasis added). Thus, in order to raise the defense of promiscuity, there must be *some* evidence that the child engaged in *promiscuous* sexual conduct prior to the alleged offense. *Rankin v. State,* 821 S.W.2d 230, 234 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Chreene v. State,* 691 S.W.2d 748, 750 (Tex.App.—Texarkana 1985, pet. ref'd).

WHAT IS "PROMISCUOUS" CONDUCT?

■ The word "promiscuously" is not defined in the statute. *See* Act of May 23, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen.

Laws 883, 918 (amended 1994). Therefore, the term should "be read in context and construed according to the rules of grammar and common usage," unless the word has otherwise "acquired a technical or particular meaning." Tex. Gov't Code Ann. § 311.011 (Vernon 1988); Tex. Penal Code Ann. § 1.05(b) (Vernon 1994). "Words which are not defined statutorily are to be given their usual meanings." *Garcia v. State,* 887 S.W.2d 846, 859 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995). The Court of Criminal Appeals has never provided a specific definition of the term "promiscuously." However, Texas courts of appeals have utilized more than one definition of the term "promiscuity." [3]

The Corpus Christi Court of Appeals has defined promiscuity as the "indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love." *Connally v. State,* 838 S.W.2d 646, 647 (Tex.App.—Corpus Christi 1992, no pet.); *Ramos v. State,* 819 S.W.2d 939, 941 (Tex. App.—Corpus Christi 1991, pet. ref'd); *Scoggan v. State,* 736 S.W.2d 239, 241 (Tex.App.— Corpus Christi 1987), *rev'd on other grounds,* 799 S.W.2d 679 (Tex.Crim.App.1990); *Ormand v. State,* 697 S.W.2d 772, 773 (Tex. App.—Corpus Christi 1985, no pet.). This definition can be traced to an entry in Corpus Juris Secundum: "The word 'promiscuity' does not signify an isolated incident of sexual relations with one particular person, but denotes an indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love." 73 C.J.S. *Promiscuity* (1983). Corpus Juris Secundum credits the Kentucky case of *Jones v. Sutton*

---

2. Subsection (a)(2) refers to the exposure of the anus or any part of the genitals with the intent to arouse or gratify the sexual desire of any person. Tex. Penal Code Ann. § 21.11(a)(2) (Vernon 1994). Accordingly, S.M.'s testimony regarding an incident in which she showed fellow classmates how bad her "sunburn" was under her blouse is not indecent exposure. *See id.*

3. Several Texas cases dealing with the issue of promiscuity and its definition arose under section 22.011 of the Penal Code, entitled, "Sexual Assault." Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312,

*amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3618. Prior to being amended, section 22.011(d)(1) provided:

> (d) It is a defense to prosecution under Subsection (a)(2) of this section that:
> (1) the child was at the time of the offense 14 years of age or older and had prior to the time of the offense *engaged promiscuously in conduct* described in that subsection.

*Id.* (emphasis added). Subsection (a)(2) described several types of sexual conduct. *Id.* § 22.011(a)(2).

for the definition. 388 S.W.2d 596, 598 (Ky. 1965). In fact, the definition of promiscuity in Corpus Juris Secundum is virtually identical to the definition found in *Jones*. *Id.*

Other courts of appeal have stated that promiscuity connotes a "variety of consensual sexual conduct with a variety of partners continuing over a reasonable period of time." *Rankin*, 821 S.W.2d at 234; *Wimer v. State*, 717 S.W.2d 468, 469 (Tex.App.—San Antonio 1986, no pet.); *Jasso v. State*, 699 S.W.2d 658, 660 (Tex.App.—San Antonio 1985, no pet.); *Wicker v. State*, 696 S.W.2d 680, 682–83 (Tex.App.—Dallas 1985), *aff'd*, 740 S.W.2d 779 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988); *Scott v. State*, 668 S.W.2d 901, 902 (Tex.App.—Fort Worth 1984, pet. ref'd); *Boutwell v. State*, 653 S.W.2d 100, 103 (Tex. App.—Austin 1983), *rev'd*, 719 S.W.2d 164 (Tex.Crim.App.1985). This definition of "promiscuity" originated with the Austin Court of Appeals' decision in *Boutwell*,[4] in which the court credits the Practice Commentary to section 21.09 of the Penal Code for its definition:

> [T]he evidence offered to the court did not show that the complaining witness, [M.B.], was promiscuous. Promiscuity connotes *a variety of consensual sexual conduct* with a variety of partners, and clearly excludes, for example, a single prior act of sexual intercourse. Searcy and Patterson, *Practice Commentary*, Tex.Pen.Code Ann. § 21.09 (Vernon 1974). Moreover, we think that an element of *continuing conduct* extending over a reasonable period of time is implicit in the concept of promiscuity. A person is not promiscuous simply because he has engaged in several acts of sexual conduct within one twenty-four hour span.

*Boutwell*, 653 S.W.2d at 103 (emphasis in original). The Court of Criminal Appeals disagreed with the Austin Court's addition of "an element of continuing conduct extending over a reasonable period of time" stating, "[W]e find no express, implied or independent justification for the court of appeals' conclusion that 'promiscuity' requires, as a matter of law, more than a twenty four hour span of several acts of sexual conduct with a variety of partners." *Boutwell*, 719 S.W.2d at 168.

Courts have also made reference to both the "indiscriminate grant" definition and the "variety of conduct" definition of promiscuity. *May v. State*, 903 S.W.2d 792, 794 (Tex. App.—Dallas 1995), *rev'd*, 919 S.W.2d 422 (Tex.Crim.App.1996);[5] *Ormand*, 697 S.W.2d at 773. The difficulty with these definitions is the questions they leave unanswered. For example, in the Corpus Christi Court's definition, "indiscriminate grant of physical favors ... without any requirement of love," what is an "indiscriminate grant of physical favors"? *Connally*, 838 S.W.2d at 647. What does "requirement of love" mean? Does a child's undisputed profession of love entirely negate the promiscuity defense? Does the "requirement of love" require the child, her partner, or both of them to be "in love?" Similarly, the Austin Court's "variety of conduct with a variety of partners" definition is unclear as to what sexual activities constitute a "variety of conduct" and what a "variety of partners" means. *Boutwell*, 653 S.W.2d at 103.

With regard to their references to "a variety of conduct" and "physical favors," the above definitions also seem to ignore the

---

4.  Lester Boutwell was prosecuted under separate cause numbers for sexual abuse of a child and indecency with a child. He was separately convicted for both offenses, and the Austin Court of Appeals separately affirmed both convictions. *Boutwell v. State*, 653 S.W.2d 100 (Tex.App.—Austin 1983), *rev'd*, 719 S.W.2d 164 (Tex.Crim.App.1985) (sexual abuse of a child); *Boutwell v. State*, 653 S.W.2d 105 (Tex.App.—Austin 1983), *rev'd*, 719 S.W.2d 164 (Tex.Crim.App.1985) (indecency with a child). Most of the Austin Court's analysis of the issue of the complainant's promiscuity is contained in the "sexual abuse" case. Therefore, when the Austin Court addressed the issue of promiscuity in the "indecency" case, it simply refers to its analysis in the "sexual abuse" case. *Boutwell*, 653 S.W.2d at 106 ("[T]he evidence would not raise prior promiscuity sufficiently to afford appellant the defense. *Boutwell v. State, supra.*").

5.  The Court held that in a sexual assault charge the statutory promiscuity defense was available for promiscuity alleged to have occurred before the complainant reached age fourteen and remanded the case back to the Austin Court for further consideration.

fact that the Legislature had specified what conduct must be involved, *i.e.*, a) sexual intercourse, b) deviate sexual intercourse, c) sexual contact, and d) indecent exposure as defined by statute. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918 (amended 1994). Thus, the only applicable question remains: What does the statute mean by "promiscuously"?

Several dictionary definitions of the word "promiscuously" and its derivatives are also available. Webster's Third New International Dictionary defines "promiscuously" as "in a promiscuous manner," and defines "promiscuous" as "not restricted to one sexual partner." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1815 (3d ed.1966). Webster's New Twentieth Century Dictionary defines "promiscuous" as "characterized by a lack of discrimination; specifically, engaging in sexual intercourse indiscriminately or with many persons." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 1440 (2d ed.1983). The Oxford English Dictionary defines "promiscuously" as "[i]n a promiscuous manner; without distinction, discrimination, or order; indiscriminate; at random, in confusion." 12 THE OXFORD ENGLISH DICTIONARY 613 (2d ed.1989).

■ Although courts do not seem to agree on what promiscuity is, they do seem to agree on what it is *not*. The courts generally agree that sexual activity with a single partner is not promiscuity as a matter of law. *See Connally,* 838 S.W.2d at 647; *Rankin,* 821 S.W.2d at 234; *Scoggan,* 736 S.W.2d at 241; *Wimer,* 717 S.W.2d at 469; *Jasso,* 699 S.W.2d at 660; *Ormand,* 697 S.W.2d at 773; *Wicker,* 696 S.W.2d at 683; *Scott,* 668 S.W.2d at 902. We accept the rule that evidence of prior sexual activity with only one partner would be insufficient to raise the defense of promiscuity. *See id.* Here, however, the victim admitted that she had had sexual intercourse with two partners.

■ The diversity of definitions utilized for the term "promiscuity" suggests that it has not acquired a "technical or particularized meaning." TEX. GOV'T CODE ANN. § 311.011. To be sure, the term is not so technical and complex that it has become a legal term of art which requires a definition

from the trial court. *Johnson v. State,* 853 S.W.2d 527, 536 (Tex.Crim.App.1992) (holding that a court does not err in failing to define a term in a jury charge that is not defined by statute), *cert. denied,* 510 U.S. 852, 114 S.Ct. 154, 126 L.Ed.2d 115 (1993). Because the circumstances in which the promiscuity defense may arise vary so greatly, and, as we have seen, there is no unanimity about the meaning of "promiscuity," we can understand why the Legislature elected not to define the term but to leave its meaning to the wisdom of the jury. "Words not specially defined by the Legislature are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have *any meaning* which is acceptable in common parlance." *Vernon v. State,* 841 S.W.2d 407, 409 (Tex.Crim.App.1992) (citations omitted) (emphasis added).

Therefore, we will attempt to look to ordinary meanings of the term in the context of existing case law and other definitions when deciding whether the victim's testimony of prior sexual conduct was *some* evidence of promiscuity. *Rankin,* 821 S.W.2d at 234; *Chreene,* 691 S.W.2d at 750. We will, of course, consider only whether the evidence was relevant on the defensive issue of promiscuity, not whether the evidence *established* promiscuity.

### APPLICATION

The State relies on the Corpus Christi Court of Appeal's definition of promiscuity, and argues that because S.M. professed her love for both boys, her testimony cannot be considered evidence of "an indiscriminate grant of physical favors ... without any requirement of love." *Connally,* 838 S.W.2d at 647. Under the State's rationale, a victim's admission of having sexual intercourse with an infinite number of partners would, by itself, be no evidence of promiscuity as long as the victim claimed to have been in love with each of her partners. Such a literal interpretation and reliance on one court's definition of the word "promiscuity" ignores other meanings "acceptable in common parlance" and serves to distort its ordinary meaning. *Vernon,* 841 S.W.2d at 409. It would also deny the jury the discretion to

evaluate the credibility of the testimony presented regarding the victim's prior sexual conduct. *See Wilkerson v. State,* 881 S.W.2d 321, 324 (Tex.Crim.App.), *cert. denied,* — U.S. —, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994).

■ The evidence which raises a defensive issue "may be either strong, weak, contradicted, unimpeached, or unbelievable." *Muniz v. State,* 851 S.W.2d 238, 254 (Tex. Crim.App.), *cert. denied,* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). An accused has the right to an instruction on any defensive issue raised by the evidence regardless of what the trial court may think about the credibility of the evidence. *Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App. 1991) (citing *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim.App.1987)). When a judge does not allow an accused to present relevant evidence to the jury on a defensive issue because the evidence is weak or unbelievable, "he effectively substitutes his judgment on the weight of the evidence for that of the jury." *See Woodfox v. State,* 742 S.W.2d 408, 410 (Tex.Crim.App.1987) (holding that when defensive theory is raised by evidence from any source and a charge is properly requested, it must be submitted to jury).

The disposition of *Boutwell* is instructive to the case at hand. 653 S.W.2d 100. The Austin Court of Appeals reasoned:

[T]he evidence offered to the court did not show that the complaining witness, [M.B.], was promiscuous.... Therefore, since [M.B.'s] conduct did not rise to the level of

"promiscuity," the trial court did not err in refusing to charge the jury on the defense of prior promiscuity. (Citation omitted).

*Id.* at 103. The Court of Criminal Appeals disagreed, responding:

Assuming *arguendo* that appellant was entitled to *employ* the promiscuity defense in his prosecution, it cannot be gainsaid that his evidence did not raise a fair *issue* of M.B.'s "promiscuity." Thus assuming M.B.'s promiscuity could be shown to be a material issue in the case, appellant would be entitled to present his evidence on that issue to the jury. The court of appeals was not called upon to determine whether the evidence offered by appellant was sufficient to *establish* prior promiscuity on the part of M.B.

. . .

[U]nder §§ 21.09 and 21.10, by providing the "promiscuity" defense, the Legislature has pronounced the complaining witnesses' prior extraneous sexual conduct to be relevant to a material defensive issue *by statute.* Thus, the defendant is entitled to have *any* evidence which is relevant to the issue of "promiscuity" submitted to the jury provided he has otherwise shown himself entitled to take advantage of the defense under the statute.[6]

719 S.W.2d at 168 (emphasis in original).

Similarly, under section 21.11(b) of the Penal Code, by providing the "promiscuity" de-

---

6. In the quote above, the Court of Criminal Appeals made reference to sections 21.09 and 21.10 of the Penal Code, which related to rape and sexual abuse of a child. Act of May 30, 1975, 64th Leg., R.S., ch. 342, § 8, 1975 Tex. Gen. Laws 912, 914, *repealed by* Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex. Gen. Laws 5311, 5321; Act of May 23, 1973, 63rd Leg., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 918, *repealed by* Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex. Gen. Laws 5311, 5321. However, the Court's reasoning also applied to section 21.11 of the Penal Code, which is the statutory prohibition of indecency with a child that is at issue in the case at hand. Act effective May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3616. The Court addressed rape and sexual abuse of a child in Cause Num-

ber 711–83, and indecency with a child in Cause Number 712–83, both within the same opinion. When addressing the promiscuity defense in the latter, the Court simply referenced its prior analysis in the former:

A jury convicted appellant in our Cause No. 711–83 [hereafter "711"] of the offense of sexual abuse of a child.... Appellant was also convicted pursuant to a plea bargain of indecency with a child ... in our Cause No. 712–83 [hereafter "712"].

. . .

*712*

By his first ground for review, appellant complains of the unavailability of the promiscuity defense to him in this prosecution. *For the reasons stated in our disposition of the same contention in 711,* this ground is without merit. *Boutwell,* 719 S.W.2d at 166, 172 (emphasis added).

fense, the Legislature has *by statute* pronounced S.M.'s prior sexual conduct to be relevant to a material defensive issue. Act of May 23, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918 (amended 1994). Although we may disagree with section 21.11(b) because it effectively declares that sexually active children at least fourteen but not yet seventeen are "fair game" [7] for sexual contact, "the 'promiscuity' defense ... is provided by the Legislature, and the courts are obligated, however revolting that duty is, to uphold it where ... it is raised by the evidence." *Walker v. State*, 727 S.W.2d 759, 761 (Tex.App.—Tyler 1987, no pet.).

■ In the present case, S.M. testified outside the presence of the jury that she had engaged in sexual intercourse with two boys prior to the offense on trial. Although the circumstances surrounding the relationships indicate that the sexual acts may not have been "indiscriminate," the sexual acts themselves represent *some* evidence of promiscuity. That is to say, her testimony was relevant to the promiscuity defense because the fact of promiscuity was more probable with the evidence than it was without the evidence. TEX.R.CRIM. EVID. 401. Being relevant, the evidence was admissible. *Id.* 402. The credibility and weight to be given to this evidence were for the jury, not the court. *Holloway*, 751 S.W.2d at 870. Therefore, we find that the trial court abused its discretion by refusing to allow Johnson to cross-examine S.M. before the jury regarding her prior sexual conduct.

HARM ANALYSIS

■ Having found error, we must determine if the error contributed to the conviction or punishment. TEX.R.APP. P. 81(b)(2). We will reverse the trial court's judgment if the record reveals error, unless we determine beyond a reasonable doubt the error did not contribute to the conviction or punishment. *Id.* When we conduct a harm analysis, we must: (1) isolate the error and all of its effects; and (2) determine whether a juror might have reached a different result if the error and its effects had not resulted. *Harris v. State*, 790 S.W.2d 568, 588 (Tex. Crim.App.1989). If the error was of a magnitude that it disrupted the jurors' orderly evaluation of the evidence, no matter how overwhelming the overall evidence might have been, then the conviction is tainted. *See id.*

■ The court excluded evidence relevant to the promiscuity defense provided by section 21.11(b) of the Penal Code. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918 (amended 1994). Because the court refused to allow evidence of this defensive theory, the theory was absent from the jury's deliberations. We cannot say that this error did not have an effect on the process whereby the jurors apply law to facts to reach a verdict. *Harris*, 790 S.W.2d at 588. Because we cannot say beyond a reasonable doubt that the error did not contribute to Johnson's conviction, we must reverse the judgment and remand the cause for a new trial. We sustain point one.

OTHER POINTS

Johnson complains in point two that he was denied the right to confront the victim. Because our decision to sustain point one resolves this complaint, we do not reach point two. In points three and four, Johnson complains of the "human lie detector" expert testimony of Elissa Timmons, a sexual assault victim advocate. The parties discussed both points in a single section of their briefs, saying they are "interrelated." In their discussion of points three and four, the parties considered the separate issue of whether Timmons was a "surprise" expert witness in violation of the court's discovery orders. Because Timmons' testimony would not be a

---

7. *See Hernandez v. State*, 861 S.W.2d 908, 911 (Tex.Crim.App.1993) (McCormick, J., dissenting) (complaining that a literal interpretation of the promiscuity defense for sexual assault of a child renders children "fair game" for older, more experienced adults). In responding to the dissent's argument, the Court admitted that although it is "quite possible to prosecute and convict someone of sexually assaulting a 14 through 16–year–old child who consents to the sexual contacts, ... *in such a situation, the Legislature has explicitly provided the statutory promiscuity defense* ... [in which] consent (or nonconsent) is not an element." *Id.* at 909 (emphasis added).

"surprise" at a retrial, we do not reach that contention. However, we will address the "human lie detector" aspect of points three and four in the interest of justice.

Expert testimony regarding the truthfulness of a particular witness is inadmissible under Rule of Criminal Evidence 702.[8] Tex.R.Crim. Evid. 702; *Yount v. State*, 872 S.W.2d 706, 711 (Tex.Crim.App.1993); *Duckett v. State*, 797 S.W.2d 906, 914-15 (Tex. Crim.App.1990); *see also Lawrence v. State*, 796 P.2d 1176, 1177 (Okla.Crim.App.1990). "Experts on child sexual abuse are not human lie detectors. Nor are they clairvoyant. Nothing in the literature suggests that experts can or should replace the jury as the ultimate arbiters of credibility." *Yount*, 872 S.W.2d at 710 (quoting John E.B. Meyers et al., *Expert Testimony in Child Sexual Abuse Litigation*, 68 Neb. L. Rev. 1, 121 (1989)).

■ We first consider whether the points were properly preserved for our review. "In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context." Tex.R.App. P. 52(a). Johnson made three objections to Timmons' testimony. The only one that we can construe to complain that Timmons' testimony was a direct opinion about the truthfulness of the victim was as follows:

[STATE]: What type of things do you look for, and I guess, because you have such a broad background, but let's go from thirteen on up, teenage years, what type of things would you look for with a child who had been sexually abused[?]

[DEFENSE]: Excuse me your Honor at this time I would object, because I don't see where any of this questioning has to do with rebuttal evidence.

. . .

[DEFENSE]: ... We would object that this is outside the scope of rebuttal.

COURT: Overruled.

After that objection, Timmons made references to the truthfulness of the victim on three separate occasions *without objection:*

### I.

[STATE]: What kind of things were you looking for with [S.M.] when she was telling you about this?

. . .

[TIMMONS]: Again, looking at motivations to lie, she would make these allegations [sic], if there was a possibility that they were in fact not true.

[STATE]: Did you come up with some reasons why she would [lie]?

[TIMMONS]: Why she would make this up, no. And one of the things that became clear to me in working with adolescents in general, that their peer relationships are very important, and [S.M.] indicated to me feeling frustration and anger in that she lost some of her peers as friends, because of having made the allegations.

[STATE]: Could you see anything [S.M.] had to gain out of saying this?

[TIMMONS]: No I don't.

### II.

[STATE]: And if you found out—we're not going to go into all the details that she gave you, that she tripped up on one of the times she was in Mr. Johnson's office, she said she moved a chair and

---

8. Rule 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Tex.R.Crim. Evid. 702.

then moved it back, and earlier she had said she moved the chair and she moved it back, or vice versa .... if that was the only thing that she was inconsistent about, would you automatically say, "Aha, she's not telling the truth"[?]

[TIMMONS]: No I would not.

### III.

[STATE]: [I]n your experience, have you had victims that have come in and actually gave [sic] you false information?

[TIMMONS]: There have been a few cases where I have seen that or suspected that.

[STATE]: So in those cases, you don't push forward, if they exhibit signs—

[TIMMONS]: No, because not only am I an advocate for victims, but I'm an advocate for what's right and wrong also. And so if I were to expect that, you know, somebody were telling an untruth about somebody, then I would want that to come out, also.

Even assuming arguendo that Johnson's original objection was sufficient to make the court aware of his complaint, because he subsequently failed to object to testimony regarding the truthfulness of the victim on three separate occasions, we find that he failed to preserve his complaint for our review. TEX.R.APP. P. 52(a). Accordingly, we overrule points three and four.

### CONCLUSION

Having concluded that the court's refusal to allow Johnson to cross-examine S.M. regarding her prior sexual conduct effectively deprived him of the right to present the statutory defense of promiscuity, an error we cannot determine to be harmless under the facts presented, we reverse the judgment of

conviction and remand the cause for a new trial on the merits.

CUMMINGS, J., dissents.

CUMMINGS, Justice, dissenting.

Because I believe the trial court properly excluded evidence of prior sexual acts of the child victim, I dissent.

It is a defendant's burden of proof to present facts which show the existence of an affirmative defense. *See* TEX.PENAL CODE ANN. § 2.04(c).[1] During a hearing outside the presence of the jury, the victim admitted to having sexual intercourse with two boyfriends prior to the alleged offense which is the subject of this appeal. The victim also stated, however, that at the time of each act of intercourse she had feelings for and thought that she loved each boyfriend. The appellant's defense team had the names of the two boyfriends, but did not elicit any evidence concerning the time frame in which the two acts of intercourse occurred nor did they elicit any evidence to rebut the victim's testimony that at the time of the acts that she thought she loved each of the respective boyfriends.

I agree with the majority that the appropriate standard of review concerning the court's decision to exclude evidence of the victim's two instances of prior sexual conduct is under the abuse-of-discretion standard. In applying that standard, as the Court of Criminal Appeals has described, an abuse of discretion occurs when the trial court applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *DuBose v. State*, 915 S.W.2d 493, 497 (Tex.Crim.App. 1996). An abuse of discretion occurs only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Castillo v. State*, 913 S.W.2d 529, 539 (Tex.Crim.App. 1995). In applying these guidelines, the trial judge could have followed the reasoning of

---

1. (c) The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense.

the Corpus Christi Court of Appeals in *Connally v. State* cited by the majority which defined promiscuity as the "indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love." The evidence elicited only two acts of intercourse, each of which the victim testified were done as acts of love—which testimony was not rebutted. Neither was there any testimony of time frame when these acts occurred.

From the record, the appellant had obtained the names of the two boyfriends at previous "counseling" sessions with the minor victim.[2] Inasmuch as the appellant never sought permission to divulge information obtained through his professional counseling of the victim, I fail to see how the court could have erred in not admitting it. Once the testimony concerning the victim's love for the two boys was elicited, I believe the appellant had the burden to bring forth further evidence from the boyfriends or others rebutting the "love" testimony. The scant amount of evidence before the trial judge indicated only two instances of sexual intercourse done when the victim testified she thought she loved each respective boyfriend. The trial judge was not given the victim's age when these acts were committed, whether the victim had been dating the boyfriends over an extended period of time or the time frame in which the incidents occurred. Under these meager facts, I do not believe the judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. Additionally, since it is unrebutted that love was involved in each incident, there is no evidence to indicate that the acts were performed indiscriminately. The record, being void of any evidence that the acts were done indiscriminately, should as a matter of law under these circumstances, fail to raise the issue of promiscuity. Further, the trial judge could have determined to exclude the testimony for the reason that its prejudicial effect outweighed its probative value. *See* Tex.R.Crim. Evid. 403. For each and all of these reasons, I believe the trial court was correct in its ruling.

Assuming, but not conceding, that it was error for the trial court to have excluded the evidence of the victim's prior sexual activity, I disagree that it would have been harmful error. I agree with the majority opinion in using the harm analysis in *Harris v. State,* 790 S.W.2d 568, 588 (Tex.Crim.App.1989). In this case, the appellant testified during the guilt-innocence phase that he did not massage the victim's shoulders or her breasts. The appellant further testified and introduced another witness that he was elsewhere in the school building tending to other matters when the incident was alleged to

---

**2.** At the time of the alleged offense, the appellant was the assistant principal at Robinson High School. He had a masters degree in counseling and education. The minor victim was a ninth grade student who had been referred to him by the choir teacher for chewing gum. The minor victim's disciplinary record indicated that she had been sent to his office on other occasions for disciplinary reasons. It was at these "counseling" sessions that the appellant learned the names of the two boyfriends that his attorney questioned the victim about in the hearing concerning admissibility of evidence of promiscuity. The appellant also testified that he had previously worked as a student counselor at Waco Christian Academy for three years. In this case, he admits to sitting behind his desk during the disciplinary meeting in order to put a barrier between himself and the student to create an authority figure setting. Then at the second meeting when the alleged indecent behavior occurred, he preferred a "counselling setting" where he was seated beside the student so that the barriers would be removed. Prior to this incident, the victim testified that she trusted the appellant and considered him a friend because she could confide in him. It is obvious that in his dealings with the victim that he was using his skills as a professional counselor. Likewise, it is alarming that he may use the information he obtained while employing his "counseling" techniques against this ninth grade girl in an attempt to raise the affirmative defense of promiscuity. Is this not a blatant ethical violation of confidentiality between a counselor and a client? *See* Tex.Health & Safety Code Ann. § 611.002–611.005 (Confidentiality, Legal Remedies for Improper Disclosure, etc.). From the testimony, we may infer that the appellant was a licensed counselor in view of his having been employed by a private school for three years as a counselor. A licensed counselor must follow state regulations concerning confidentiality, as follows:

(b) A licensee shall not disclose any *communication,* record, or identity of a client except as provided in the Health and Safety Code, Chapter 611, or other state or federal rules. (Emphasis added)

22 Tex.Admin.Code § 681.36(b) (West Pamph. 1996—Confidentiality).

have occurred. Essentially, his defense was that he did not commit the alleged indecent behavior. Therefore, the promiscuity of the victim was irrelevant if he was to be believed. If the appellant had admitted the crime, the exclusion of proper promiscuity evidence in all probability would have disrupted the jurors' orderly evaluation of the evidence; however, since his position was that he did not commit the indecent behavior, the introduction of evidence of promiscuity would be contradictory to his position and tend to confuse the jury.

In addition, it would seem probable that on any re-trial of this matter that pursuant to Rule of Criminal Evidence 404(b) that the extraneous offenses involving similar indecencies with other students would be admissible during the guilt-innocence phase of the trial.

For these reasons, I would find the error, if any, to be harmless and affirm the conviction.