**Bryan Keith JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–95–017–CR.**

Court of Appeals of Texas, Waco.

Feb. 5, 1997.

Discretionary Review Refused April 30, 1997.

---

Earl E. Bates, Jr., Ward Casey, Fort Worth, for appellant.

John W. Segrest, Criminal District Attorney, Susan N. Kelly, Asst. District Attorney, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

### SUPPLEMENTAL OPINION ON PETITION FOR DISCRETIONARY REVIEW

VANCE, Justice.

Our original opinion was issued on August 14, 1996. *Johnson v. State*, 933 S.W.2d 195 (Tex.App.—Waco 1996, pet. filed). The State's Petitions for Discretionary Review assail us for failing to consider its assertion that the testimony about S.M.'s prior sexual activity was properly excluded because of Rule 403. TEX.R.CRIM.EVID. 403. We offer the following explanation as allowed by Rule 101. TEX.R.APP.P. 101.

We reject the Rule 403 assertion for several reasons. First, the State's motion in limine, filed before trial in an attempt to keep the testimony in question from the jury, does not mention Rule 403. Second, the State made no Rule 403 objection when the testimony was adduced outside of the presence of the jury. Two references to the testimony being "prejudicial" are the closest that the record comes to such an objection. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Crim.App.1991) (on rehearing) ("Further objection based upon Rule 403 is now required."). Third, we review rulings of the trial court,[1] and the court made no attempt to balance the probative value of the testimony against the danger of unfair prejudice, confusion of the issues, or any other factor listed in Rule 403. TEX.R.CRIM.EVID. 403. Fourth, the matter was barely mentioned in the State's brief on original submission. In fact, the entire presentation of the Rule 403 argument is contained in seven lines at page 14 of the State's Brief and includes no analysis.

---

1. When the question is admission of evidence, we can uphold the ruling on any proper legal theory. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim. App.1990). If we were to directly consider Rule 403, we could not find that the unfair prejudice to the State outweighed the probative value of the testimony relevant to a defense available to Johnson by statute.

■ We might have considered the provisions of Rule 403 in conducting the harm analysis. We determined that the court erred in failing to allow relevant evidence of prior sexual activity of the prosecutrix, then determined that the error had harmed Johnson because the erroneous ruling denied him evidence of a statutory defense provided by the legislature. *Johnson,* 933 S.W.2d at 203. Had we inserted a Rule 403 factor into the harm equation, we would have reached the same result, *i.e.,* that exclusion of the evidence required reversal because of the absence of the defensive theory from the jury's deliberations. *Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989); TEX. R.APP.P. 81(b)(2). Applying the factors set out in *Montgomery* to our harm analysis, we find initially that the "approach under Rule 403 is to *admit relevant evidence* unless the probative value of that relevant evidence is *substantially* outweighed by the danger of unfair prejudice...." *Montgomery,* 810 S.W.2d at 389. Johnson's need for the testimony to raise the defense of promiscuity was great—no other evidence of promiscuity is in the record. The State has not demonstrated how the testimony is unfairly prejudicial to it, particularly in light of the fact that the defense to which the testimony was relevant was a statutory defense. Indeed, the State did not argue that the testimony was *"unfairly* prejudicial," as stated in the Rule; only that it was "prejudicial." Additionally, the rule requires that the unfair prejudice *substantially* outweigh the probative value of the proffered testimony. TEX.R.CRIM.EVID. 403. For these reasons, we would have reached the same conclusion about harm, had we considered a properly presented Rule 403 argument.

■ Finally, the State argues that the defense of promiscuity is not consistent with Johnson's theory of the case, as demonstrated by his testimony that he "was elsewhere in the school building." We review a trial court's evidentiary rulings as of the time that the court made the ruling. The court excluded testimony about the prosecutrix' prior sexual activity during the State's case-in-chief. Johnson had not elected to testify as of that point in time. Further, we allow defendants to submit defensive theories alternatively.

With these additional comments, we reaffirm our original position that the judgment in this case be reversed and a new trial ordered.

CUMMINGS, J., dissents without further opinion.