NO. 07-07-0022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 10, 2008
_____

JOHN A. REDER,

                                                    Appellant

v.

THE STATE OF TEXAS,

                                                    Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414,285; HON. CECIL PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

John A. Reder (appellant) appeals his conviction for indecency with a child. Via three issues, he contends the trial court erred by failing to 1) admit evidence from a CPS report and 2) grant his motions for continuance. We affirm.

*Issue One*

The evidence that appellant thought the court wrongfully excluded consisted of information contained in a report to the Child Protective Services. The information

concerned an allegation that the victim (who was four years old at the time) was "purging" at home and in school and was caught by her uncle in bed with her four-year-old cousin's head between her legs. During the latter episode, the child purportedly said "'do it like daddy does it.'" Who made the report to CPS went unmentioned and so did the identity of the uncle. So, it is unknown if the information was communicated by the uncle, by the child, by the child's mother, or by the next door neighbor after hearing it as gossip in a local beauty shop. Moreover, CPS made no disposition of the allegation; in other words, it made no determination of whether the allegations in the report were true or not. Given these circumstances, and assuming that the report had relevance, *see Johnson v. State*, 933 S.W.2d 195, 198-99 (Tex. App.–Waco 1996, pet. ref'd) (stating that the decision about whether evidence of prior sexual conduct is admissible is one of relevance), it at the very least would be within the realm of reasonable disagreement to conclude that any potential value of the report was far outweighed by the potential prejudice or confusion of issues accompanying it. This is especially so when nothing in the document purports to suggest that someone other than appellant committed the acts underlying the indictment at bar.[1] Consequently, we cannot say that the trial court abused its discretion in excluding the information. *Metts v. State*, 22 S.W.3d 544, 550 (Tex. App.–Fort Worth 2000, no pet.) (holding that in matters of evidence, the trial court's decision can be upheld by any legitimate ground). Therefore, we overrule the issue.

---

[1]Through the indictment, the State alleged that appellant (who was the live-in boyfriend of the victim's mother) improperly touched the victim when she was five. The allegations in the CPS report encompassed an utterly independent occurrence between two children.

*Issues Two and Three*

In the next and final two issues, appellant contends that the trial court erred in denying his motions to continue the trial. Continuance was necessary, in his view, so that he could flesh out the allegations in the aforementioned CPS report, which allegations he believed were exculpatory. We overrule the issues.

Whether the trial court erred in denying the continuances depends upon whether it abused its discretion. *Gallo v. State,* 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). Furthermore, when a continuance is sought after trial begins, the movant must establish that the delay is needed because of "some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated" and which caused him surprise. TEX. CODE CRIM. PROC. ANN. art. 29.13 (Vernon 2006).

Two motions for continuance are at issue. One was filed before trial began, the other after trial began. Regarding the latter, appellant had received the CPS report in question during the week prior to trial. Having received the report before trial, the discovery of its contents falls outside the scope of "some unexpected occurrence *since trial began*." (Emphasis supplied).

As for the initial motion to continue filed before the jury was selected, appellant effectively sought time to find someone he considered to be a material witness. The witness sought was the "uncle" mentioned in the CPS report to which we previously alluded. Given this reason for seeking a continuance, appellant had the burden to illustrate how the uncle's testimony was material before he could obtain a continuance. *Hubbard v. State*, 912 S.W.2d 842, 844 (Tex. App.–Houston [14th Dist.] 1995, no pet.). And, he

3

attempted to satisfy this requirement by arguing that the uncle's testimony could be used to show that appellant never assaulted the child and that someone else did.

We do not question that evidence indicating someone other than the accused committed the crime indeed may be material. Yet, appellant's argument is founded on a defective factual basis. That is, nothing in the CPS report exculpates him. Nothing in it suggests that he did not molest the child as alleged in the indictment, even if the circumstances mentioned in the report were deemed true. Rather, the circumstances described (when intertwined with imagination) suggest that the child could have been the victim of *other* molestation at the hands of unknown parties, or so a reasonable jurist could have interpreted the circumstances. But, nothing in the report suggests that appellant never committed the acts for which he was charged. Consequently, we cannot say that a trial court was obligated to postpone trial so that appellant could find the "uncle" and have him testify about what he saw. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006) (holding that when the standard of review is one of abused discretion, then the trial court's decision must be affirmed if supported by any valid ground).

Accordingly, we affirm the judgment rendered below.


Brian Quinn
Chief Justice

Do not publish.

4