Steven Alexander Jones v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-157-CR

     STEVEN ALEXANDER JONES,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court at Law #12
Harris County, Texas
Trial Court # 98-00018
                                                                                                                
 
DISSENTING OPINION
                                                                                                               

      Husband and wife had an argument. It is undisputed that during the course of the argument
the husband pulled the wife’s hair. The ultimate question is whether the husband committed the
offense of misdemeanor assault. The jury determined he had committed the offense as charged. 
He challenges the court’s refusal to admit three portions of testimony all allegedly offered to
impeach his wife’s testimony. Finding no abuse of discretion in the trial court’s rulings refusing
to admit evidence, the conviction should be affirmed.
 
STANDARD OF REVIEW
      The determination of admissibility of evidence is within the sound discretion of the trial court
and will not be reversed unless a clear abuse of discretion is shown. Werner v. State, 711 S.W.2d
639, 643 (Tex. Crim. App. 1986); Rische v. State, 834 S.W.2d 942, 945-946 (Tex.
App.——Houston [1st Dist.] 1992, pet. ref’d). The test for an abuse of discretion is whether the
court acted without reference to any guiding principles. In other words, it is a question of whether
the exclusion of the evidence was arbitrary or unreasonable. Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990) (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-242, (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721
(1986)). Because of this standard, I believe each objection and the testimony which drew the
objection must be viewed independently to determine whether the court abused its discretion in
sustaining the specific objection to the evidence offered.
WHO PAID FOR DENTAL WORK?
      In Jones’ first point of error, he complains that the trial court abused its discretion by
sustaining the State’s objection and preventing his testimony regarding who paid to fix his wife’s
teeth. The majority correctly sets out the testimony leading up to the objection by the State. The
majority overrules this issue because Jones made no offer of proof or bill of exception to inform
the court, or us for that matter, as to what the excluded testimony would have been. 
      Notwithstanding this holding, the majority states that the evidence should have been admitted. 
If we look past the procedural deficiency to the merits of this point, the trial court correctly
excluded the testimony. 
Lack of Relevance
      The State objected to the relevancy of who “fixed” Mrs. Jones’ teeth. Evidence is relevant
if it has a tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence. Tex. R. Evid.
401. Evidence that is not relevant is inadmissible. Tex. R. Evid. 402. The basic issue of this
case was whether Jones assaulted his wife by pulling her hair or whether his actions were in self
defense. The question of who “fixed” Mrs. Jones’ teeth is of no consequence to the determination
of that issue. Thus, the question was irrelevant, and the specific objection made by the State was
properly sustained.
Cannot Impeach on a Collateral Matter Raised by Complaining Party
      The majority states that the question should have been admitted to impeach the testimony of
his wife with a prior inconsistent statement. See Tex. R. Evid. 613(a). This conclusion is
incorrect for two reasons. First, the question regarding Mrs. Jones’ teeth was a collateral matter,
and a party may not impeach a witness with extrinsic evidence on a collateral matter. Gutierrez
v. State, 764 S.W.2d 796, 798 (Tex. Crim. App. 1989); Rische v. State, 834 S.W.2d at 946. The
test for whether a matter is collateral is whether the evidence could have been used for any other
purpose, independent of the contradiction. Gutierrez v. State, 764 S.W.2d at 798; Kelly v. State,
828 S.W.2d 162, 165 (Tex. App.——Waco 1992, pet. ref’d). As stated earlier, the repair of Mrs.
Jones’ teeth was of no consequence to the issue of who assaulted her. Therefore, the subject was
collateral, and Jones attempted to improperly impeach his wife’s testimony.
      Second, in his brief, Jones would have us believe that the subject of his wife’s teeth was raised
on direct examination as a part of the State’s attempt to portray him as a tyrant. The record
clearly shows Jones initiated the testimony by asking the following: 
      Question:     As a matter of fact, your husband has always been very generous with you when
it comes to money, hasn’t he?
 
      Answer:      No, he has not.
 
      Question:     Do you remember him fixing your teeth before you got married?
 
      Answer:      No.
 
      Question:     You don’t remember that?
 
      Answer:      I paid for it myself.

Jones then attempted to impeach his wife with his own testimony about who paid to repair her
teeth. This was an improper impeachment attempt. When a witness is cross-examined on a
collateral matter, the cross-examining party cannot then contradict the witness’ answer. Bates v.
State, 587 S.W.2d 121, 133 (Tex. Crim. App. 1979); Drone v. State, 906 S.W.2d 608, 615 (Tex.
App.——Austin 1995, pet. ref’d). Jones cross-examined his wife on the collateral issue of who
paid for repairing her teeth. He did not receive the response he wanted. He could not later try
to impeach her with his own testimony contradicting her. Jones was “stuck” with his wife’s
answer. See Ex parte Carter, 621 S.W.2d 786, 790-791 (Tex. Crim. App. 1981).
      The only basis of admissibility Jones argued was impeachment. The court did not abuse its
discretion in sustaining the objection of relevance by the State to Jones’ questions inquiring if he
had paid for the repair of his wife’s teeth.
NO CONTACT PROVISION
      In his second point of error, Jones contends that the court abused its discretion in sustaining
the State’s objection to his question regarding a “no contact” provision in his bond. The State
objected to the relevancy of the question which the trial court sustained. The trial court also gave
the following instruction to the jury regarding this “no contact” provision in the bond:
. . . I don’t want to hear any more about a no-contact provision. It has nothing to do—I
will tell the jury right now it has nothing to do with the case whatsoever. This is an
administrative function of this court. It has no bearing on the guilt or innocence and you
are not to consider it for any purposes whatsoever. Thank you.

      Again, the majority properly holds that the point is overruled because the record does not
show what the testimony would have been. However, the majority states that this testimony was
improperly excluded impeachment testimony. See Tex. R. Evid. 401 & 402. 
Received More Relief Than Requested
      The only basis of admissibility argued by Jones was that there had been earlier testimony
regarding the no-contact provision that needed “cleared up.” The instruction by the court to the
jury after ruling on the objection was clear, concise and complete. It clearly demonstrated that
the evidence was not relevant and that the jury should not consider it for any purpose. The
instruction removed any confusion or reliance the jury may have placed on the earlier testimony
regarding this bond. This instruction “cleared up” any confusion and Jones effectively received
more relief than requested. Not only was the issue cleared up, the jury was instructed not to
consider the earlier testimony for any purpose. Having effectively received more relief than
requested, Jones is not in a position to complain.
Improper Impeachment
      This subject was also a collateral matter as defined previously and was an inappropriate form
of impeachment. See Gutierrez v. State, 764 S.W.2d at 798; Rische v. State, 834 S.W.2d at 946. 
Like the testimony regarding the repair of his wife’s teeth, the record demonstrated that Jones
initiated the testimony regarding the “no contact” provision during his cross-examination of Mrs.
Jones. His counsel requested her to admit that Jones had never contacted her since his arrest; but,
she disagreed. During his testimony, Jones attempted to bring up the topic, the State objected,
and the court prevented Jones from testifying on this collateral issue. Jones cannot contradict his
wife’s answer on cross-examination with his own later testimony. This was another improper
attempt to impeach Mrs. Jones. See Ex parte Carter 621 S.W.2d at 790-791; Bates v. State, 587
S.W.2d at 133. The trial court did not err in excluding this testimony.
MOTHER-IN-LAW IMPEACHMENT
      As to his third point of error, Jones asserts in his brief that he was trying to impeach the
credibility of his wife with the testimony of his mother. Impeachment was not a theory of
admissibility argued at trial by Jones. This theory is gratuitously awarded to him on appeal. The
majority holds that the testimony should have been admitted. See Tex. R. Evid. 613(a). We
should hold it was not error if it could have been excluded on any proper theory. See Johnson v.
State, 939 S.W.2d 230, n.1 (Tex. App.——Waco 1997, no pet.). 
      Mrs. Jones’ denied a conversation with her mother-in-law regarding her desire to get back
together with Jones. This testimony was developed by his counsel during cross-examination of
Mrs. Jones. Jones then wanted to contradict his wife’s testimony with the testimony of his
mother. Whether Mrs. Jones wanted to get back together with Jones was immaterial, and thus
collateral, to the issue of whether Jones assaulted her. Jones cannot cross-examine his wife on a
collateral matter and then impeach her with contradicting testimony from another witness. See Ex
parte Carter, 621 S.W.2d at 790-791; Bates v. State, 587 S.W.2d at 133. The trial court was not
in error by sustaining the State’s objection. Even if it was not hearsay, as discussed by the
majority, it was still an improper manner of impeaching Mrs. Jones and was properly excluded.
HARMLESS ERROR
      Even if any of these actions by the trial court were, in fact, error, they were not harmful. 
According to the Rules of Appellate Procedure, the error must be disregarded if it did not affect
Jones’ substantial rights. See Tex. R. App. P. 44.2(b). A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the jury’s verdict. King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. U.S., 328 U.S. 750,
776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). 
      After reviewing the entire record, I cannot say that the exclusion of these attempts to impeach
Mrs. Jones’ credibility had more than a slight influence on the verdict. See Fowler v. State, 958
S.W.2d 853, 866 (Tex. App.——Waco 1997), aff’d, No. 0075-98 (Tex. Crim. App. March 31,
1999). Jones was allowed to contradict much of his wife’s testimony. He was allowed to testify
that his wife had previously threatened to bruise herself, call the police, and then sue Jones for all
he had. He told the jury she had a split personality when she was disturbed with him, and she had
been physically abusive toward him. Jones was also allowed to discuss his wife’s infidelity. His
mother testified about filing a theft report against Mrs. Jones when she moved out of the house
because some property was missing. In final argument, Jones emphasized the inconsistencies in
his wife’s testimony. With this in mind, the exclusion of three contradictions on collateral issues
could not have affected Jones’ substantial rights and do not warrant reversal.
      I would overrule Jones’ points of error and affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed August 18, 1999
Do not publish